JOHN NEVINS v. JAMES McKEE ET AL.

(Case No. 4960.)

1. JURISDICTION — NEW TRIAL.— After the adjournment of the term at which a judgment is rendered against a garnishee, he cannot have, in an independent proceeding, an injunction to prevent the enforcement of the judgment, except upon facts which show the clearest and strongest reasons for the interposition of a court of equity. It is not sufficient to show that injustice has been done. He must show that the judgment resulted from no negligence on his part; that he had a meritorious defense, and had used diligence, and was prevented from making his defense by the fraud, accident or acts of the opposite party, wholly unaffected by any fault or negligence of his own.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

Nevins, who brought this suit, was garnished in the former suit, and, his answer being controverted, a judgment was rendered against him. He did not appear in person in the former case, nor did his attorney, and the ground of relief here sought was that the debt was really one owing to another than the plaintiff in the former proceeding, a fact which he was prevented from showing on account of an understanding between his attorney and himself as to the scope and extent of the attorney's employment.

*Woods, Wilkins & Cunningham,* for appellant, cited: Dobbins *v.* Wybrants, 3 Tex., 457; Freeman *v.* Miller, 53 Tex., 372, and Dowell *v.* Winters, 20 Tex., 797.

*Hare & Head,* for appellee, cited: Freeman *v.* Miller, 51 Tex., 443; Johnson *v.* Templeton, 2 Tex. L. Rev., 269; Drake on Attach. (5th ed.), 587–670; Freeman on Judgments, 112.

WILLIE, CHIEF JUSTICE.— The object of the present suit was to set aside a judgment duly rendered in a garnishment proceeding against Nevins, to retry the issue between the parties determined in that cause, and have a decision made as to whether the plaintiff in that judgment, or another party who claimed to own the note, was entitled to recover against the garnishee.

In fact it was an attempt by petition, filed after the adjournment of the term of the court at which the judgment was rendered, to obtain a new trial of the cause which had resulted in such judgment.

A court of chancery has power to grant such relief, but it will not do so except upon facts which show the clearest and strongest reasons for its interposition.

It was held by this court in Johnson *v.* Templeton, 2 Tex. L. Rev., 269 (60 Tex., 238), that it is not sufficient to show that injustice has been done, or that the plaintiff had a good defense which he was prevented from making upon the trial. But he must further show that he has not resorted to chancery because of any inattention or negligence on his part. He must show a clear case of diligence as well as of merit;-that he has a good defense which he was prevented from making by fraud, accident or the acts of the opposite party, wholly unmixed with any fault or negligence on his part.

Here it is not pretended that the appellant was deprived of his defense by the fraud of any one, or by any act chargeable to the plaintiff in garnishment. If his failure to appear and defend the action can be said to have been due to accident, McKee had nothing to do with bringing it about, but it was owing solely to the negligence of Nevins or of the attorney to whom he intrusted the defense of the cause.

The attorney may have misunderstood him as to the character and extent of his employment. If so, it was the fault of the appellant in not being more definite in making the contract, and McKee should not be made to suffer for such default.

But according to the appellant's own testimony as given by him-

self on the trial, if the attorney at the time of his employment misunderstood the nature and extent of the duties he was to perform, he had full notice of them afterwards and before the trial of the cause. When the appellee, McKee, had interrogatories served upon Nevins to prove up his case, Nevins handed them to the attorney, who said he would give them attention. It was because this promise was not performed that the cause was not defended, and we cannot see how appellant can base an equity for a new trial upon the default of his attorney, or even upon his misconception of a matter about which there seemed so little chance of making a mistake.

With such a state of facts before the jury, and the question of homestead withdrawn from their consideration, the court was fully justified in charging them to find for the appellees, and the judgment is affirmed. Hedgepeth v. Robertson, 18 Tex., 858; Eason v. Eason, Galveston Term, 1884 (ante, p. 225).

AFFIRMED.

[Opinion delivered April 18, 1884.]