### MAYO v. MAYO.

No. 4957.

Court of Civil Appeals of Texas.

El Paso.

April 28, 1954.

· Andress, Lipscomb & Peticolas, El Paso, for appellant.

Cunningham & Malone, El Paso, for appellee.

HAMILTON, Chief Justice.

This was a suit for divorce by Margaret M. Mayo against William Doyle Mayo, in which he cross-actioned for a divorce. Trial was to the court without a jury, and judgment was rendered granting Margaret M. Mayo a divorce and denying appellant any relief on his cross-action; dividing the community property, awarding custody of the minor child to Margaret M. Mayo and providing for support and maintenance of said minor child.

Appellant complains of that part of the judgment which sets aside that part of the community property consisting of the homestead to appellee, Margaret M. Mayo, until such time as she remarries, dies, or said minor child Sylvia May Mayo marries or reaches the age of twenty-one years, whichever is the earliest, and the provision therein that appellant shall pay all taxes, insurance, and keep said property in reasonable repair during the time that appellee shall have the exclusive control of said homestead. Appellant also complains of that part of the judgment which decrees that the vacant lots located at 3100 Savannah Street, and being described as Lots 31 and 32 and the west 10 feet of Lot 30, in Block 31 of Altura Park Addition to the City of El Paso, El Paso County, Texas, be sold and the proceeds received from said lots be placed in trust in a savings account at the State National Bank of El Paso, Texas, for the use, benefit and education of the minor child Sylvia May Mayo, and that said proceeds be retained by said bank for said purpose, and that upon said minor child's marriage or reaching the age of twenty-one years, whichever is the earliest, all remaining proceeds on hand to be paid by said bank to said minor, Sylvia May Mayo.

It appears from the record that the trial court granted appellee a divorce on the ground of mental cruelty on the part of appellant extending over a period of about seven years prior to the action for divorce. Since there is no complaint of the court's action granting appellee a divorce we do not think it necessary to set out the evidence supporting the judgment for divorce.

At the time of the marriage of appellant and appellee in 1932 appellee was a school teacher, who had only two years of college education. She taught school for about three years after her marriage, and before the child was born; that she is not now able to get a job teaching school because requirements of teachers have been raised and it is almost impossible to get a position teaching school without a degree; that appellant is a railroad engineer who makes about $450 a month. All the property that appellant and appellee

owned at the time of the divorce was community property, consisting of the homestead, valued at about $10,000; the lots at 3100 Savannah Street, valued at $1,500; one note in the principal amount of $2,400; a bank account of approximately $900; one automobile, and the furniture and furnishings in their home. The child, Sylvia May Mayo was fourteen years old. The court in its judgment, in addition to setting aside the homestead to the wife and ordering the sale of the Lots at 3100 Savannah Street, awarded the automobile to appellant and the furniture and house furnishings to appellee, and awarded each an undivided one-half interest in the $2,400 note and each an undivided one-half interest in the bank account. The custody of the minor child was awarded to appellee, and appellant was ordered to pay appellee $100 a month for the support and maintenance of said minor child.

■ We find nothing in the record which would indicate that the trial court abused its discretion in setting aside the homestead to appellee as he did. The trial court is vested with wide discretionary powers in the division of community property in suits for divorce, and in the absence of abuse of such discretionary powers its judgment in such matters will not be disturbed by the appellate court. In this case the court set aside the homestead for the use of appellee only during the minority of their child or until the child should marry. Courts have many times held that even where there are no children involved the homestead may be set aside to the divorced wife for her use during her lifetime. We think under the circumstances of this case the court was justified in its action.

Art. 4638, R.C.S.; Hendrick v. Hendrick, Tex.Civ.App., 222 S.W.2d 281; Hedtke v. Hedtke, 112 Tex. 404, 410, 248 S.W. 21; Thompson v. Thompson, Tex.Civ.App., 238 S.W.2d 218; 15 Tex. Jur. 592–594.

We do not think the provisions in the judgment requiring appellant to pay the insurance, taxes, and keep the homestead in reasonable repair are an abuse of the trial court's discretion. Hendrick v. Hendrick, supra.

■ That part of the trial court's judgment ordering the sale of the lots located at 3100 Savannah Street and placing the proceeds in trust for the use and benefit of the minor child, with provision that any balance remaining on hand be turned over to said child upon her marriage or upon her reaching the age of twenty-one years we believe violates that part of art. 4638 which states:

"Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

It has many times been held that community property or separate property even may be placed in trust for the benefit of minor children. However, we find no case which authorizes the court, over objection, to divest title to real estate out of either party for the benefit of the children. Quoting from 15 Tex.Jur., p. 690:

" * * * and the statute providing for division of property enjoins the court to have regard for the rights of children and to give effect to those rights by making some provision for their maintenance and education if that can be done without injustice to the parents, by any division of property *short of a divesture* of title to real estate." (Emphasis ours.) Phillips v. Phillips, Tex.Civ.App., 203 S.W. 77.

It has been held that where a court does divest title to real estate out of one of the parties without objection that such judgment could not be attacked collaterally. Fisher v. Jordan, 5 Cir., 116 F.2d 183, (writ of certiorari denied)

In this case objection is timely made, and this court holds that part of the judgment which orders the lots at 3100 Savannah Street sold is erroneous.

The judgment of the trial court should be reformed to strike that part of the judgment ordering Lots 31 and 32 and the west

10 feet of Lot 30, in Block 31, Altura Park Addition to the City of El Paso, El Paso County, Texas, be sold and the proceeds placed in trust for benefit of minor child, and in all other things said judgment shall be affirmed.