**Nettie Viola WILLIAMS, Appellant,**

v.

**Jay WILLIAMS, Appellee.**

No. 6809.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 1, 1958.

Rehearing Denied Jan. 5, 1959.

Lumpkin & Watson, Miller & Sanderson, Amarillo, for appellant.

Vickers & Vickers, Lubbock, for appellee.

NORTHCUTT, Justice.

Nettie Viola (Babe) Williams, as plaintiff, brought this suit against Jay Williams, as defendant, for divorce and for division of community property. Mrs. Williams contended that Lot 3 in Block 36, Highland Heights Addition to the City of Lubbock, Lubbock, Texas, was her separate property. Mr. Williams filed his answer and cross action for divorce and also asked for division of community property; but contended that Lot 3, above mentioned, was community property. The case was tried to the court without a jury, and after hearing

all the testimony the court entered judgment refusing the plaintiff a divorce but granted the defendant a divorce upon his cross action. The trial court also found that Lot 3, above mentioned, was community property and entered judgment dividing all the property one part to the plaintiff and the remaining portion to the defendant. From this judgment plaintiff perfected this appeal and she will hereafter be referred to as appellant.

No appeal is presented so far as the granting of the divorce is concerned. Appellant makes no contention that the judgment as to a division of the property is in any manner wrong if Lot 3 is community property. Appellant presents this appeal upon a single point of error as follows: "The trial court erred in holding that at the time of the divorce, the property located in Lubbock, Texas, was community property of appellant and appellee."

Appellant and appellee were married in July, 1928, and were never divorced until the divorce was granted in this cause. It is true they continued to have trouble and lived apart at different times. In April, 1946, this appellee filed a suit for divorce. At that time they were living in the rear house on Lot 3, above mentioned, and renting to other people the house on the front of Lot 3. This was their home, and all the property they had except the household furnishings, a Ford automobile, certain garage equipment, some accounts and some cash. This would seem to be making their homestead the separate property of appellant. After the divorce suit was filed in 1946, appellant and appellee agreed the divorce suit would be dismissed and they would resume their marital relations, and at that time attempted, by written agreement, to divide their community property, which consisted of the above mentioned property. The only thing they tried to do was to make separate property out of community property which was not a gift from the husband to the wife.

On even date of this contract appellee, as grantor, did execute a warranty deed to Lot 3 to Mrs. Babe Williams, as grantee, as her separate property, and the same was filed for record on April 22, 1946; but appellee did not have actual knowledge of such filing until this suit was filed. From the date of this contract until the filing of this suit, the appellant and appellee treated all of their property as community property. The contract here in question was not acknowledged and neither did the appellant join the appellee in the deed in question deeding the above property which would be necessary in case the property was their homestead.

In reference to the partition or exchange of community property between husband and wife, Article 4624a of Texas Revised Civil Statutes, Vernon's Ann.Civ.St. art. 4624a, provides:

"If such instrument purports to exchange property or to partition property between the husband and wife, otherwise than as equal undivided interest in the same property, * * * such instrument shall not be valid unless approved by the Court upon written application of the husband and wife, addressed to the District Court of the county in which they or either of them reside. Such petition must set out facts showing that the transaction is not to the disadvantage of the wife, and shall be filed and docketed as in other cases, and at any time thereafter the District Court may, in term time, take up and hear said petition and evidence in regard thereto, and enter an order accordingly either approving or disapproving the transaction."

The Supreme Court held in the case of Tittle v. Tittle, 148 Tex. 102, 220 S.W.2d 637, at page 641 that: "In this case, where the only parties are those who were parties to the contract and the deed, we may look to both of the instruments to ascertain the intention of those who executed them."

We think it is clear in this case that the intentions of the parties were that in case they could not live together that they agreed that the court should divide the property in the manner specified in the contract. But, they did live together as man and wife thereafter for a period of twelve years and at all times treated all of the property as community property. Community property can not be partitioned during marriage and change its status from that defined by the Constitution and Statutes only as provided by statute, except by severing their marital relations. We realize Article 4624a was not in effect at the time of this contract but was enacted for the purpose of furnishing the husband and wife a method of dividing their community property and making a certain portion separate property, since the courts had held that the only method of changing community property to separate property other than by divorce was by gift, sale, or exchange. Bruce v. Permian Royalty Co., Tex.Civ.App., 186 S.W.2d 686 (writ refused WM).

There is nothing in this record to even indicate, except the fact that the deed was executed, that this was a gift, sale, or exchange. This is not a case based upon the parties separating but is one where they agreed to resume their marital relations. In determining whether property is community or separate property of the spouses, a trial judge is not bound by the form on the deed alone. Property may be found to be other than that indicated by the deed either because of the intent with which the deed was made, or made and received, or because of an agreement between the husband and wife, carried into effect, determining their respective interest in the property. Since all of the property owned by either of these persons was accumulated after their marriage, and none of it was acquired after the marriage by gift, devise, or descent, all of it was community property. Community property cannot be changed by agreement to separate property. King v. Matney, Tex.Civ.App., 259 S.W.

2d 606 (writ refused NRE); McDonald v. Stevenson, Tex.Civ.App., 245 S.W. 777 (writ refused).

At the time this transaction took place, we are of the opinion it was contrary to the policy of the laws of this State for husband and wife to make contracts between themselves which intended to, and if given effect, would change the order of descent, or the status of the property. Reed v. Reed, Tex.Civ.App., 283 S.W.2d 311.

There was no consideration for the deed and neither was there any intention of a gift, and about all that could be said about the agreement was that if they separated before acquiring other property, they requested the court to divide their property in the manner designated in the contract.

We are of the opinion that the trial court correctly held that Lot 3 was the community property of the parties, and affirm the judgment of the trial court.