NETTIE VIOLA WILLIAMS V. JAY WILLIAMS.

No. A-7190. Decided June 24, 1959.
Rehearing Overruled July 29, 1959.
(325 S.W. 2d Series 682)

*Lumpkin, Watson & Dunlap,* of Amarillo, for petitioner.

*Vickers & Vickers,* of Lubbock, for respondent.

PER CURIAM.

The opinion of the Court of Civil Appeals is found in 319 S.W. 2d 777.

1 The suit is one for divorce and for a division of property. The judgment of the Court of Civil Appeals is final and this Court has no jurisdiction to review it, unless the Judges of the Court of Civil Appeals have disagreed upon a question of law material to the decision or the Court has held differently from a prior decision of another Court of Civil Appeals or of this Court upon a question of law material to a decision of the case. Arts' 1728 and 1821, Vernon's Annotated Texas Civil Statutes. There is no disagreement between the Judges of the Court of Civil Appeals on any question of law in the case. Petitioner seeks to invoke jurisdiction of this Court on the basis of asserted conflict between the decision of the Court of Civil Appeals and prior decisions of this Court.

The Court of Civil Appeals in the instant case has held that the court is authorized, upon consideration of parol evidence, to adjudge that property conveyed by the husband to the wife "for the benefit of her separate estate and with the understanding that such property constitutes a part of her separate estate" is nevertheless community property of the parties. Petitioner asserts that that holding is in conflict with decisions of this Court in Davis v. Davis, 141 Texas 613, 175 S.W. 2d 226; Belkin v. Ray, 142 Texas 71, 176 S.W. 2d 162; Kahn v. Kahn, 94 Texas 114, 58 S.W. 825; McKivett v. McKivett, 123 Texas 298, 70 S.W. 2d 694; Hodge v. Ellis, 154 Texas 341, 277 S.W. 2d 900; Long v. Knox, 155 Texas 581, 291 S.W. 2d 292. There are also other asserted conflicts which need not be specifically noted because our disposition of the asserted conflict noted above applies as well to the others.

In order for this Court to have jurisdiction on the basis of conflicting decisions under subdivision 2 of Article 1728 the conflict must be upon "a question of law material to a decision of the case." In order to be "material to a decision of the case" the question of law must be such that "a decision thereof will necessarily control the disposition of the case." Layton v. Hightower, 118 Texas 166, 12 S.W. 2d 110. See also Benson v. Jones, 117 Texas 68, 296 S.W. 865. It follows that if the judgment of the Court of Civil Appeals may be affirmed, on the record before us, without regard to the asserted conflicting holding, that holding becomes immaterial and is not "material to a decision of the case."

'The judgment of the trial court dividing the property of the parties was entered pursuant to Article 4638, V.A.T.C.S. which provides that "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any, * * *." The trial court adjudged to the husband community property valued at $34,179.06 and adjudged to the wife property valued at $35,179.06, including the house and lot which had been conveyed to her by the deed containing the recitations quoted above. in his finding of fact the trial judge found, from a consideration of parol evidence, that the deed executed by the husband conveying the house and lot to the wife as her separate property was wholly without consideration and was not intended as a gift, "but was executed for the specific purpose of partitioning the community property between the parties." Based upon those findings the trial court concluded that the property was community property of the parties and treated it as such in the division made. If those were all of the fact findings and legal conclusions filed by the trial court we would be compelled to determine whether the like holding by the Court of Civil Appeals conflicts with our decisions above cited. But there are other findings and conclusions. There is a conclusion of law that the division of property as made in the judgment "is a fair, just and equitable partition between the parties, taking into consideration and having due regard for the rights of each party."

2  Even if the trial court and the Court of Civil Appeals erred in holding that the house and lot is community property, there are other findings of fact made by the trial judge relative to the inter sese dealings by the husband and wife with their property over a period of years tending to support the conclusion that the division made is "fair, just and equitable." If the house and lot be treated as the separate property of the wife, it is obvious that the division of community property was not an equal division. But the statutes does not require an equal division of common property. Ex Parte Scott, 133 Texas 1, 123 S.W. 2d 306, 313; Carle v. Carle, 149 Texas 469, 234 S.W. 2d 1002, 1005; The trial court's conclusion that the division was fair, just and equitable is an independent conclusion and will support the judgment. It was not attacked by point of error in petitioner's brief in the Court of Civil Appeals. The judgment of the Court of Civil Appeals may rest on that conclusion. It follows that the holding of the Court of Civil Appeals which is asserted to be in conflict with prior decisions of this Court is

not controlling and is not upon a question of law "material to a decision of the case." We therefore have no jurisdiction of the case and it is unnecessary to decide whether the asserted conflict actually exists. Indeed, it would be improper for us so to decide.

The application for writ of error is dismissed for want of jurisdiction. Rule 483, Texas Rules of Civil Procedure.

Opinion delivered June 24, 1959.

Rehearing overruled July 29, 1959.