Katherine S. HOYT, Appellant,

v.

William Willard F. HOYT, Appellee.

No. 15868.

Court of Civil Appeals of Texas.

Dallas.

Aug. 4, 1961.

Rehearing Denied Oct. 20, 1961.

James P. Donovan, Dallas, for appellant.

David Wuntch, Dallas, for appellee.

YOUNG, Justice.

The appeal is from denial of a Bill of Review seeking to set aside the property settlement part of a judgment of divorce rendered September 28, 1959. At request of appellant the trial court made and filed findings of fact and conclusions of law.

Specifically as to nature of suit, appellant states that the action was to "set aside a judgment of divorce, granted to appellee, her former husband, to the extent that such judgment divided the net assets of the community, valued at $29,686.81, awarding to the husband-appellee $27,789.81 and to the appellant-wife $1,897.00"; the trial court upon hearing rendering judgment denying the relief sought.

Points of appeal in material part are: Court error (1) "in sustaining a judgment, void on its face for want of jurisdiction to divide community property on the basis of an illegal and void post-nuptial agreement;" (2) "in sustaining a judgment showing on its face an abuse of judicial discretion through an unfair and inequitable division of community property;" (3) "because the findings of fact upon which the judgment was based are not supported by the evidence and the conclusions of law derived therefrom are wholly in error."

A résumé of material facts as gleaned from appellant's brief will now be detailed. This division of community property made by the court in the divorce action was based upon a property settlement agreement between husband and wife under date of July 23, 1959, some three days after Hoyt had filed his petition for divorce; and the provisions thereof as to division of property were incorporated in the divorce decree with court approval thereof. The divorce was granted on a waiver of citation (no appearance by appellant or attorney at the trial) and upon the sole testimony of plaintiff-husband that the settlement as to community property was fair and equitable. This agreement contained no statement as to value of the various items of property involved. At the prior trial no record was made of the testimony but the attorney for Hoyt testified at the present trial: "I introduced the agreement through him (the plaintiff) and asked him if he signed it and if his wife signed it, and did he ask the Court to divide the community property in accordance with this agreement; that is my usual way of presenting a property settlement agreement to the court." Testimony in the present action now shows that the value of the community property at time of divorce was $29,686.81; of that total under the divorce decree Hoyt received assets of the amount of $27,789.81 and Mrs. Hoyt of assets of plaintiff's note for $1,500 and a 1957 Chevrolet car under mortgage. The instant suit to set aside the earlier decree as to division of property is predicated upon charges of duress in procuring execution of the settlement agreement, fraud and concealment of the true value of the estate in the divorce action; and fraud upon the court in procuring a decree upon a waiver that was not sworn to, and a property settlement agreement that was not acknowledged as required by law in making a partition of property between spouses during existence of the marriage.

On the other hand, appellant testified that a few days prior to their separation she had discussed with her attorney and later, before final decree was granted, matters relative to a property settlement; and that she was at no time prevented from seeing an attorney. The property settlement in question was first presented to Mrs. Hoyt for signature by the attorney for Hoyt, who stated that she read the contents, her only objection then being that custody of the minor son, Don, was there placed with the father. Parenthetically, there were two children of the marriage; Willard Junior, the older one, being past 18 and married; and Don, the younger, choosing to live with his father, such custody was agreed upon, and, so also the property settlement. The court's findings of facts (many of which were challenged by appellant as not based on the evidence) were to effect that Mrs. Hoyt had "agreed to and approved the settlement voluntarily, and no fraud or coercion was practiced on the plaintiff by the defendant; that the plaintiff Katherine S. Hoyt was not activated by any fear of threats by the defendant but by a desire to obtain a divorce and marry" a third party, naming him.

■ An item of the divorce settlement agreement was the homestead of the parties, awarded to Hoyt as his separate property. Appellant asserts that the provisions of the 1948 Amendment of Art. 16, § 15, "State Constitution" Vernon's Ann.St. (Art. 4624a, Vernon's Ann.Civ.St.) were not followed; the court being without jurisdiction to thus divide community property on basis of an illegal and void postnuptial agreement. The point is overruled.

The 1948 Constitutional Amendment relates to a partition of community property between spouses without reference to divorce; while here the trial court was fully authorized to approve a property settlement under Art. 4638, V.A.C.S., providing: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any." Professor Huie in his Article on "The Community Property in Texas", clearly pointed out this distinction. See Vol. 13, V.A.C.S. p. 31. Speaking of these statutes is the statement that: "Emphasis should be given two differences between a property settlement on permanent separation and a voluntary partition under the 1948 Amendment to the Constitution and the recent statute, which is possible when the spouses are still living together. In the first place, a partition is merely a division between co-owners along lines of ownership, an equal division in the case of community property, whereas, a property settlement on permanent separation need not be along lines of ownership; the only requirement is that it be fair and equitable. The division of community property on separation therefore does not have to be equal; if the wife needs it for her support, for example, it might be fair and equitable for her to receive the bulk of the community estate." See also Williams v. Williams, Tex.Civ. App., 319 S.W.2d 777 (err. dism.), 325 S.W.2d 682.

■■ The balance of community property, so divided, consisted of stocks, insurance policies, automobile, household furnishings and small amounts of cash and Government bonds; appellant receiving a note of $1,500 and automobile under mortgage of the agreed value of $800. As a reason for this decided imbalance in settlement of property rights, we find testimony of the desire of both parents to put these sons through college; the younger one now attending private school. The trial court is vested with wide discretion as to division of community property in suits for divorce. Mayo v. Mayo, 268 S.W.2d 495; and aside from this an inequitable settlement of property is not sufficient ground for new trial after the judgment has become final. Carver v. Huff, Tex.Civ.App., 283 S.W. 2d 317, 318. The Amarillo Court there quoted from Harding v. W. L. Pearson & Co. (Com.App.), 48 S.W.2d 964, the general rule applicable to hearings on Bills of Review: "(1) The rule is well established in this state that to obtain a new trial after the expiration of the term something more than that injustice has been done must be shown. It must appear: (1) That the former judgment *was not caused by any negligence on him who seeks to set it aside, but that diligence was used to prevent it;* (2) that he had a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own; (3) that there is good cause to believe that a different result will be obtained by a new trial; and (4) the pleadings and issues of the former suit, and its result, must be set forth distinctly and clearly. It has also been established that bills seeking relief from final judgment, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted. Johnson v. Templeton, 60 Tex. 238; Nevins v. McKee, 61 Tex. 412; Sharp v. Schmidt, 62 Tex. 263; Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963; Empire Gas & Fuel Co. v. Noble, Tex.Com.App., 36 S.W.2d 451." (Emphasis ours.)

■ Appellant is placed squarely within purview of above-quoted rule of law by the court's findings of fact, for which we find support in the record: "That the Plaintiff herein, Katherine S. Hoyt had full opportunity to present and to be represented by an attorney of her choosing in the divorce

**114**

proceeding and that her failure to do so was of her own choice."

Points of error on appeal are accordingly overruled and judgment of the trial court is affirmed.

WILLIAMS, J., not sitting.

## On Motion for Rehearing

 It will be noted that Associate Justice WILLIAMS did not choose to participate in above decision, having been the trial judge, although not legally disqualified thereby. Appellant now raises the point that our Constitution provides for a three judge Court of Civil Appeals for a review or determinations made by the trial court; and that an affirmance by two of the judges of this Court of the action taken by the third judge while a trial judge is unconstitutional, illegal and void. Art. 1812, V.A.C.S., provides that each Court of Civil Appeals shall consist of a Chief Justice and two Associate Justices and that a majority shall constitute a quorum for the transaction of business, and the concurrence of two Justices shall be necessary to a decision. Art. 1815, V.A.C.S., states after all or any *two members* of any Court of Civil Appeals shall be disqualified to determine any cause in such court, that fact shall be certified to the Governor, who shall immediately commission the requisite number of persons, learned in the law, to try and determine said cause. It has long been a settled law that Art. 1815 is not in conflict with the Constitution, Art. 5, § 11; and the fact that one member is alone disqualified (not true in the instant case) does not prevent the other members from lawfully proceeding therewith. Nalle v. City of Austin, 85 Tex. 520, 22 S.W. 668.

Appellant challenges as without support in the record the statement in our opinion: " * * * appellant testified that a few days prior to their separation she had discussed with her attorney and later, before final decree was granted, matters relative to a property settlement * * *". The point

is overruled. See statement of facts pages 58 through page 62. We inadvertently failed to pass expressly on appellant's point three in brief. Same has been duly considered and is also overruled.

Motion for rehearing is accordingly in all respects overruled.