**Eleanor FARRELL, Appellant,**

v.

**Dean F. FARRELL, Appellee.**

No. 3806.

Court of Civil Appeals of Texas.

Eastland.

July 19, 1963.

Rehearing Denied Sept. 6, 1963.

John A. Pace, Dallas, for appellant.

Wise & Stuhl, Dallas, for appellee.

WALTER, Justice.

Our Opinion of June 21, 1963, is withdrawn and the following is substituted therefor:

Eleanor Farrell filed suit against Dean F. Farrell for a divorce, custody of their children and for a determination of their property rights. When the plaintiff rested, the defendant filed a motion for an instructed verdict. The court withdrew the case from the jury and granted plaintiff a divorce and custody of their children. He also divided the property. Eleanor Farrell has appealed from such judgment.

She contends that fact issues were made by the pleadings and the evidence on the issue of whether some of the property was her separate property.

Their property consisted of investments in real estate, notes, common stocks and other properties of the approximate value of $286,000.00. Appellant had been successful in buying and selling common stocks. She said: "I have been engaged in the brokerage field since 1937, and I buy and sell, I am a trader, I buy and sell a great deal." The appellee is an accountant. At the time of his marriage to the appellant

in 1944, he owned a house on Glenwood Lane and stocks and other personal property valued at about Twelve or Fourteen Thousand Dollars.

Mrs. Farrell testified that she did not consider that any part of the dividend, rent or interest income belonged to Mr. Farrell. During their marriage she had received approximately $88,927.87 in dividends from stock. At the time of her marriage she owned stock in Anaconda, Chrysler, Shattuck Denn Mining, Wheeling Steel, Bethlehem Steel, Pittsburg Screw and Bolt Company, LeTourneau and Rhem Manufacturing Company and some real estate. Mrs. Farrell sold all of the stock that she owned at the time of her marriage except the Shattuck Denn and the Anaconda Copper which was awarded to her. The real estate was sold and the proceeds commingled with community funds. In attempting to trace the proceeds from the sale of the Chrysler stock which she owned before marriage and which she sold after she married for approximately $1,339.00, she was asked the following question: "Now, this Chrysler stock you realized $1,339.31 on, what stock did you buy with that stock?", and she answered "Mr. McCarthy, it just isn't possible to go into things like that, it is over a period, because it is over a period of years that the different stocks were bought and they were sold and with the uh—uh—what do you call it, the gain one would say from the sale of one stock and maybe the loss from another would off-set it, you see."

Appellant attempted to trace the cash payments on the purchase price of some of the real estate to her separate property. She maintained a checking account in the Preston State Bank in her name. She deposited funds that she withdrew from her stock account. She also deposited rents and other income in her bank account. The down payment or purchase price on some of the real estate in dispute was made with checks drawn by appellant on her bank account. With the exception of the life insurance policies and the Anaconda and the Shattuck stock, all of the property awarded to the appellant and the appellee in the judgment was acquired by purchase during their marriage. The court awarded the appellant the stock accounts at Merrill Lynch, Pierce, Fenner & Smith and E. F. Hutton Company and all of the common stocks. She was also awarded a part of the real estate and other property valued by the court at approximately $195,000.00. The property awarded to the appellee was valued by the court at approximately $91,000.00.

The judgment recites "the court after hearing all of the evidence is of the opinion that with due regard to the rights of each party that a division of said property hereinafter made will be just, right and equitable." Article 4638, Vernon's Ann. Tex.Civ.St. reads in part as follows: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any." Concerning said article our Supreme Court in Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 at page 1005 said: "That statute clearly vests discretion in the trial court in determining the proper division of the community estate of the parties. The court is not required, as a matter of law, to divide that estate equally between them."

We have concluded that the funds of the parties have been so mixed and commingled that the amounts of the separate and community funds cannot be determined. Appellant's inability to trace the proceeds from the sale of her Chrysler stock is a typical illustration of appellant's inability to trace her separate funds. After considering this voluminous record, we have concluded that the trial court's judgment is correct. Although we have concluded that the judgment is fair, just and equitable, the appellant has not presented a point of error that the division of the property by the trial court was not fair, just and equitable. In Williams v. Williams, 160.

Tex. 99, 325 S.W.2d 682 at page 684 our Supreme Court said: "The trial court's conclusion that the division was fair, just and equitable is an independent conclusion and will support the judgment. It was not attacked by point of error in petitioner's brief in the Court of Civil Appeals. The judgment of the Court of Civil Appeals may rest on that conclusion."

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.