Eleanor M. **FARRELL,** Appellant,

v.

Dean F. **FARRELL,** Appellee.

No. 11448.

Court of Civil Appeals of Texas.

Austin.

Oct. 26, 1966.

Rehearing Denied Nov. 16, 1966.

John A. Pace, Dallas, for appellant.

Wise & Stuhl, Joseph M. Stuhl, Dallas, for appellee.

ARCHER, Chief Justice.

This is a trespass to try title suit filed by plaintiff-appellant against defendant-appellee seeking to recover title to a tract of land in Dallas County, Texas, which had been conveyed by general warranty deed to appellant as her separate property by the appellee during their marriage. The parties were subsequently divorced and the Domestic Relations Court divested appellant of title to the real estate involved and vested title in the appellee in a division of property. An appeal was taken in which this divestiture was one of several errors asserted. The case was affirmed by the Eastland Court of Civil Appeals, 370 S.W.2d 241, with no comment or statement as to the trial court divesting appellant of title to her separate real estate. The application for writ of error to the Supreme Court was denied, 374 S.W.2d 870, the Court in a Per Curiam opinion stating it had no jurisdiction because of the failure of the Eastland Court of Civil Appeals to mention or comment on this point in its decision. Subsequently, appellant instituted this suit asserting that the district court was without authority to divest her of title to her separate real estate. Upon a trial before the 44th District Court, judgment was rendered for the defendant-appellee. From this judgment appellant prosecutes this appeal.

The appeal is based on four points assigned as error in the trial of the suit and are to the effect that the court erred in failing to grant judgment to appellant for the title to the land, because the Domestic Relations Court was without jurisdiction to divest appellant of title to her separate real estate in a divorce suit, and the deed from appellee to appellant vested fee title in appellant, and the parol evidence rule prevents any claim contrary to the recitals in the deed; that there was no testimony in the divorce suit asserting any claim contrary to the recitals in the deed, and finally no Court has authority in a divorce suit to divest appellant of title to her separate property.

All of appellant's points are argued together.

The parties in this appeal were divorced on September 12, 1962.

Lot No. 9 in Block A of Carder Crest Addition in the town of Duncanville, Dallas County, Texas, was deeded by appellee to appellant, as her separate property on September 22, 1961.

In the decree of divorce it was provided:

"And it further appearing to the Court that the plaintiff and defendant own the following described property: Lot 9," as hereinabove described.

Such property was awarded to the defendant subject to any indebtedness thereon.

On appeal the judgment was affirmed, 370 S.W.2d 241, and application for writ of error was denied by the Supreme Court in 374 S.W.2d 870.

The facts in the case are fully discussed in the opinion of the Court of Civil Appeals as well as the law, and given consideration by the Supreme Court in a Per Curiam opinion.

Appellee takes the position that the issues involved in this appeal are a collateral attack on the judgment of the Domestic Relations Court which had entered a final judgment and that such judgment had been affirmed, and that the issue had been resolved by the Court and that such was res judicata of and a bar to relitigation of the same issue between the same parties.

The Domestic Relations Court had the jurisdiction and the duty to adjudicate the title to the property and having done so and such action and judgment having been in all things affirmed, the issue is final and a bar to a relitigation of such. Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825; Wolfe v. Brown, Tex.Civ.App., 340 S.W.2d 851, n. w. h.; White v. White, Tex.Civ.App., 380 S.W.2d 672, er. ref., n. r. e.; Davidson v. Davidson, Tex.Civ.App., 378 S.W.2d 702, er. ref.; Ladd v. Ladd, Tex.Civ.App., 402 S.W.2d 940.

The judgment of the trial court is affirmed.

Affirmed.