James F. GAULDING, Appellant,

v.

Ethel H. GAULDING, Appellee.

No. 4658.

Court of Civil Appeals of Texas,
Eastland.

Dec. 20, 1973.

Rehearing Denied Jan. 11, 1974.

Robert H. Bliss, Bliss, Danner & Bishop,
Dallas, for appellant.

Jack Johannes, Johannes, Robertson &
Wilkinson, Dallas, for appellee.

WALTER, Justice.

James F. Gaulding was divorced from
Ethel Harriet Gaulding and the court made
a division of their property in accord-
ance with Article 3.63 of the Family Code,
V.T.C.A. The judgment provides in part
as follows:

"The Court further awards One-half
(½) of the obligations, benefits and
privileges of membership in the United
States Civil Service Retirement System
to JAMES FRANKLIN GAULDING
and One-half (½) of the obligations, ben-
efits and privileges of membership in the
United States Civil Service Retirement
System in the name of JAMES
FRANKLIN GAULDING to ETHEL
HARRIET GAULDING, together with
One-half (½) of all future payments, if
any, to be paid from said fund. One-
half (½) of the increase of the value, if
any, of said pension, together with One-
half (½) of all future payments, if any
to be paid from said fund, is hereby
awarded JAMES FRANKLIN GAULD-
ING and One-half (½) of the increase
of the value, if any, of said pension, or
retirement payments, is hereby awarded
to ETHEL HARRIET GAULDING."

Mr. Gaulding has appealed from this
part of the judgment.

Mr. Gaulding had been an employee of
the Veterans Administration about 16 days
before the parties were married on July 16,
1939.

During the time Mr. Gaulding worked
for the Veterans Administration and the
Internal Revenue Service, the Gauldings

lived in Tennessee, Kentucky, California, and Texas. He was an attorney for the Internal Revenue Service at the time of his retirement and is now practicing law. Mrs. Gaulding has no special training for any business or profession. Tennessee and Kentucky are common-law states. Mr. Gaulding contends the court erred in finding that his retirement annuity was community property because during the time he lived in Tennessee and Kentucky his earnings were his separate property. He contends that 19.667 years of his service was spent in community property states and that 17.667 years were spent in common-law states and while he was a single man.

■ The court's finding that the statutes of Kentucky and Tennessee introduced into evidence by Mr. Gaulding have been repealed or amended is supported by the record. However, in the case of Parson v. United States, 460 F.2d 228, at page 233 (1972) the court said:

"Under Texas law, property acquired by a husband and wife in another state prior to their moving to Texas will retain the character of ownership it had in the state from which it was removed.

.   .   .   .   .   .

Property which was characterized as separate at the time acquired remains separate, although subsequently paid for with community funds, subject to the community's right of reimbursement."

■ We are of the opinion that the court erred in finding that the entire retirement annuity was community property. However, we hold that such error is harmless. Rule 434, Texas Rules of Civil Procedure. In the Matter of the Marriage of J. R. McCurdy and Frances Helen McCurdy, 489 S.W.2d 712 (Tex.Civ.App. Amarillo, 1973, writ dismissed), the court said:

"The trial judge is not required to divide community property equally and a substantial portion of the husband's separate property may be awarded to the wife when the circumstances make such action necessary in connection with bringing about a fair and just division of the property.

.   .   .   .   .   .

It is also well settled that in making the division of the property the court may consider the disparity of the earning power of the parties, as well as their business opportunities, capacities and abilities."

The Court was authorized in awarding Mrs. Gaulding a portion of Mr. Gaulding's separate property in bringing about a fair and just division of the property.

Another reason such error is harmless is because appellant does not attack the judgment by a point of error that the judgment is not "just and right, having due regard to the rights of each party". In his findings of fact and conclusion of law the court said:

"The division of the personal and real property set forth in the judgment of this court, entered on April 4, 1973, was made by the court in a manner that the court deems just and right, having due regard for the rights of each party."

In Farrell v. Farrell, 370 S.W.2d 241 (Tex.Civ.App. Eastland 1963, writ dismissed w. o. j.), we said:

"In Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682 at page 684 our Supreme Court said: 'The trial court's conclusion that the division was fair, just and equitable is an independent conclusion and will support the judgment. It was not attacked by point of error in petitioner's brief in the Court of Civil Appeals. The judgment of the Court of Civil Appeals may rest on that conclusion.'"

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.