John William **CRAVENS**, Appellant,

v.

Wilma Louise **CRAVENS**, Appellee.

No. 6477.

Court of Civil Appeals of Texas, El Paso.

Dec. 10, 1975.

Rehearing Denied Jan. 14, 1976.

Alexander, Lowe & Pratt, Bill Alexander, Benny J. Lowe, Odessa, for appellant.

Milburn & Warner, Cullom F. Milburn, Eben D. Warner, III, Odessa, for appellee.

## OPINION

OSBORN, Justice.

This is a divorce case in which the only question on appeal concerns a polygraph examination and its effect on the division of community property. Having concluded that there was no reversible error in the trial Court proceedings, we affirm the judgment of the trial Court.

The parties herein were married in 1946 and separated in 1974. During that marriage, they accumulated a substantial amount of community property including approximately ten acres of improved property in Odessa, Texas, worth about $90,-000.00. In addition, they owned household goods, several vehicles and some water well drilling equipment. In November, 1973, Mr. Cravens became concerned about a depression or recession and withdrew $13,-000.00 from a savings and loan account, and he also withdrew $8,000.00 from a bank account. He used $3,000.00 to buy Mrs. Cravens a car, and placed $18,000.00 in a storage shed beside their house. The parties separated after a fight in October, 1974, and a couple of weeks later, Mrs. Cravens filed suit for divorce. Mr. Cravens testified that he had been out of town on business about that time, and when he returned, he found the lock on the storage shed broken and the money was gone. He reported it to the Sheriff's Department but the money was never recovered.

At a preliminary hearing, the parties and their attorneys agreed with the Court that both Mr. and Mrs. Cravens would take a polygraph examination concerning the disappearance of the $18,000.00 and that Don Reaves would do the examination. Prior to the final hearing, Mrs. Cravens took the examination, but Mr. Cravens did not take the examination because the polygraph operator was apparently doing an investigation on someone charged with a crime, who was represented at the time by Mr. Cravens' attorney. Attempts to have someone else do the examination were never completed.

Both parties filed sworn inventories of property in their possession. They each testified at length about the values of such property, and each denied any knowledge concerning the loss of the $18,000.00. Mrs. Cravens called Don Reaves as a witness and he testified, over strenuous objections, that his polygraph examination of Mrs. Cravens indicated that she was telling the truth when she said she had no knowledge as to what happened to the missing money.

At the conclusion of the hearing, the Court granted the divorce and divided the community property. The final judgment awarded $18,000.00 in cash to Mr. Cravens and recited " * * * which $18,000.00 is deemed to be in the possession of John William Cravens." It would appear that this conclusion was based primarily upon the results of the examination taken by Mrs. Cravens and Mr. Cravens' failure to take such a test, because after the conclusion of the evidentiary hearing, the Court said:

" * * * it is my full intention that if Mr. Cravens takes a lie detector test and should he pass that lie detector test wherein it is shown that he does not know the whereabouts of the $18,000.00, that he did not take the $18,000.00, that he is certain that he did not tell anyone who may have got the $18,000.00, * * * it will be my intention to grant a motion for new trial if such occurs within the thirty days, or I would entertain an equitable bill of review if it is after thirty days, and at such time I would increase the minimum which Mrs. Cravens would owe Mr. Cravens by the sum of $9,000.00."

The Appellant contends by three points of error that the trial Court erred in receiving the evidence as to the results of the polygraph examination and in dividing the community property based upon such evidence, and the fact that he did not take such an examination. Appellee contends that such testimony was admissible under an agreement of the parties, but that in any

event the division of community property was fair and just and that there was no reversible error.

■ We conclude that the trial Court erred in receiving the evidence as to the results of the polygraph examination over Appellant's objection. All parties acknowledged that an agreement was made for such an examination. During the testimony of Mr. Reaves, the Court said:

"* * * it was offered or suggested and it ended up that the 2 lawyers left here with the agreement with the Court that each of their parties would take a lie detector test. And furthermore it was agreed that Mr. Reaves would be the one that would do it."

Later during the trial, Mr. Alexander, Counsel for Appellant, stated:

"* * * at one time here we had a hearing where you heard me agree to have Mr. Reeves give both of you a polygraph test."

Mr. Cravens also acknowledged that such an agreement existed. He testified as follows:

"* * * Did you, at the time of your deposition, agree to take the lie detector test?

"A Yes, sir."

But at no time was there any compliance with Rule 11, Tex.R.Civ.P. It provides:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

As this Court announced, much to the regret of complaining counsel, in *Texas Electric Service Company v. Yater*, 494 S.W.2d 271 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.), the result is that "As a penalty for failing to comply with the rule, the agreement is made unenforceable." Even where a valid stipulation has been made, some courts have still refused to admit the results of a polygraph examination. *Lewis v. State*, 500 S.W.2d 167 (Tex.Cr.App.1973); *Romero v. State*, 493 S.W.2d 206 (Tex.Cr.App.1973). Also see Annot., 53 A.L.R.3d 1005, § 3. Since there was no valid stipulation before the trial Court, it was error to overrule Appellant's objection to the testimony of the polygraph operator. *Skillern & Sons, Inc. v. Stewart*, 379 S.W.2d 687 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.).

■ The Appellant also has the burden on appeal to show that the error complained of amounted to such a denial of the rights of the Appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case, i. e., harmful error. Rule 434, Tex.R.Civ.P.

■ First, it must be noted that in a decree of divorce the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. Tex.Family Code Ann., § 3.63. The division of the property does not have to be equal and the court may award the wife a substantial portion of the husband's separate property where the circumstances make such action necessary to effect a fair and just division of the property. *Keene v. Keene*, 445 S.W.2d 624 (Tex.Civ.App.—Dallas 1969, writ dism'd). In this connection it is well settled that in making the division of the property the court may consider the disparity of the earning power of the parties, as well as their business opportunities, capacities and abilities. *In re Marriage of McCurdy*, 489 S.W.2d 712 (Tex.Civ.App.—Amarillo 1973, writ dism'd). And it has long been the rule that the trial court's division of any and all property, separate and community, "* * * should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair." *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923).

In this case, the Appellee testified concerning injuries she received as the result of an attack upon her by Appellant shortly before their separation. She also testified as to her disability resulting from her injuries, and her present inability to do tasks that she previously could have performed. Based upon such evidence, the trial Court could have awarded her a disproportionate share of the property.

In addition, we note that while each party testified as to different values for much of the community property, there are no findings by the Court as to the values placed either individually or collectively upon the various items of property awarded to each party. Without such findings, this Court cannot determine if the property was divided evenly, or if disproportionately, how much so and for which party.

In *Gaulding v. Gaulding*, 503 S.W.2d 617 (Tex.Civ.App.—Eastland 1973, no writ), the trial court awarded wife a one-half interest in Appellant's Civil Service Retirement benefits even though a substantial portion of the benefits were earned during the time the parties lived in common-law property states. The appellate court held this was error but said:

> "Another reason such error is harmless is because appellant does not attack the judgment by a point of error that the judgment is not 'just and right, having due regard to the rights of each party'."

We must necessarily reach the same results under the facts in this case. The Appellant's three points of error are overruled. The judgment of the trial Court is affirmed.