IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00317-CV

 

The Texas Parks and Wildlife

Department, Doug Hammitt,

and Marvin C. Wills, Jr.,

                                                                      Appellants

 v.

 

E.E. Lowrey Realty, LTD. 

d/b/a Gatesville Storage 

and The Estate of E.E. Lowrey,

                                                                      Appellees

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court # COT-01-33440

 



concurring Opinion TO ORDER WITHDRAWING OPINION



 

I begin by noting that Chief Justice Gray has
voluntarily elected to “not participate” in the revised opinion issued in this
case by the remaining justices.  He is
not disqualified; he is not recused. 
Thus, he remains a member of the panel assigned to the case.  The decision not to participate in the
revised opinion is his and his alone.  He
apparently believes that the revised opinion is “void” under Texas Rule of
Appellate Procedure 41.1(a), but that is not a reasonable interpretation of the
Rule.[1]  Tex.
R. App. P. 41.1(a).   

Such an interpretation ignores article V,
section 6 of the Texas Constitution.  Tex. Const. art. V, § 6 (“The
concurrence of a majority of the judges sitting in a section [panel] is
necessary to decide a case.”).

It ignores section 22.222(c) of the Texas
Government Code.  Tex. Govt. Code Ann. § 22.222(c) (Vernon 2004) (“A majority
of a panel constitutes a quorum for the transaction of business, and the
concurrence of a majority of a panel is necessary for a decision.”).

          It
ignores long-standing Texas Supreme Court precedent, decided even before the
constitution specified the number of judges on a court of appeals that
constitutes a quorum.  Nalle v. City of Austin, 85 Tex. 520, 22 S.W. 668 (1893).  The Supreme Court observed:

Hence, if it should be held that a full bench is
necessary to make a quorum, the result would be, that in the event of the
absence of one of the judges by reason of sickness or from any other cause, the
business of the court would remain in suspense until the absent member should
be present.  Such a rule would be fraught
with mischief, and would tend to obstruct the accomplishment of the very
purpose for which the Courts of Civil Appeals were created.

 

Id. at 671. 
The Court proceeded, “if two be a quorum, and two be qualified and able
to agree, no additional judge is requisite to a decision of the case, although
the third member of the court be recused.” 
Id.  And
finally, “[w]e conclude, therefore, that the disqualification of Judge Key did
not make requisite the appointment of a special judge, and that the court
composed of his two associates constituted a lawful tribunal for the trial and
determination of the case.”  Id. at 672.

          It
ignores more recent precedent, specifically rejecting the dissent’s
assertion.  See Hoyt v. Hoyt, 351 S.W.2d 111, 114 (Tex. Civ. App.—Dallas 1961,
writ dism’d w.o.j.).  After noting that
Associate Justice Williams chose not to participate in the decision
because he had been the trial judge (although not legally disqualified), the
majority in Hoyt said that even the
disqualification of one member does not prevent the other members from lawfully
proceeding.  Id. (citing Nalle).

          It
ignores Dickinson State Bank v. Ogden,
where a judgment was held valid when one member of a panel had been elected to
the Supreme Court after the case was submitted on oral argument and the case
was then decided by the remaining panel members.  Dickinson
State Bank v. Ogden, 624 S.W.2d 214, 222 (Tex. Civ. App.—Houston [1st
Dist.] 1981), rev’d on other grounds,
662 S.W.2d 330 (Tex. 1984) (on rehearing).

          That
leaves the question, “Does Appellate Rule 41.1(a) impose a requirement that all
three members of a three-justice court of appeals actually participate in the
decision of every case submitted without argument, when none is disqualified or
recused?”

Court-adopted rules cannot be inconsistent with
the constitution.  See Starnes v. Holloway, 779 S.W.2d 86, 96
(Tex. App.—Dallas 1989, writ denied). 
"Of course, a statute controls over a procedural rule."  In re
Chu, 134 S.W.3d 459, 466 (Tex. App.—Waco 2004, orig. proceeding).  An interpretation of Rule 41.1(a) that
requires that all three justices of this court participate in every decision
rendered without oral argument conflicts with section 6 of article V of the
Texas Constitution and section 22.222(c) of the Government Code, both of which
provide that a majority of a panel constitutes a quorum.  Tex.
Const. art. V, § 6; Tex. Govt.
Code Ann. § 22.222(c).

Furthermore, such an interpretation creates an
absurd result, by giving one member of the court a virtual veto over any
opinion in an unargued case with which that member does not agree.  As long as the “dissenting” member is not
disqualified or recused and remains on the panel, no opinion could issue.  The majority’s only recourse would be to
schedule the case for oral argument, so that Rule 41.1(c) would allow the
issuance of the opinion without the participation of the “dissenting”
(non-participating) justice.  See Tex.
R. App. P. 41.1(c) (After argument, if for any reason a member of the
panel cannot participate in deciding a case, the case may be decided by the two
remaining justices.).  The dissent’s
construction of the Rule is “fraught with mischief.”  Nalle,
22 S.W. at 671.

          Because
we can reasonably construe Rule 41.1(a) so that it does not conflict with the
constitution or the statute, we should do so. 
See Collins v. Ison-Newsome,
73 S.W.3d 178, 184 (Tex. 2001) (Jefferson, J. concurring) (“When a procedural
rule conflicts with a statute, the statute controls unless the rule repeals the
statute under Texas Government Code section 22.004.”) (citing Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000)). 
A reasonable construction of the rule, if it applies, is that two justices
on a three-member court of appeals may decide a case submitted without argument
when the third justice voluntarily elects not to participate in the decision.

          I
concur in the order withdrawing the prior opinion and judgment in this case and
substituting the revised opinion and judgment.

 

 

BILL VANCE

Justice

 

Concurring opinion delivered and filed November
 10, 2004








 











    [1]       Rule 41.1(a) may not apply to
three-justice courts of appeals at all, considering that it begins “Unless a
court of appeals with more than three justices . . . .”   For purposes of this opinion, I—like the
dissent—assume it applies.