IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00362-CR

 

Kevin Ray Davis,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2008-2105-C2

 



MEMORANDUM  Opinion










 

            Kevin Ray Davis appeals his conviction
for aggravated assault with a deadly weapon.  Tex.
Pen. Code Ann. § 22.02 (Vernon 2003).  Based on the jury’s verdict on
punishment, the trial court sentenced Davis to imprisonment for twenty-five
years in the Texas Department of Criminal Justice – Institutional Division.  Davis complains that the trial court abused its discretion by refusing to allow testimony
of an opinion regarding the victim’s character for truthfulness in the
guilt-innocence phase and in the admission of testimony regarding his gang
affiliation in the punishment phase of the trial.  Because we find no
reversible error, we affirm the judgment of the trial court.

Opinion Regarding Truthfulness

              Davis complains that the trial court
erred by sustaining an objection by the State to a question propounded to a
probation officer regarding the victim’s character for truthfulness based
solely on the information contained in the victim’s probation file.  Davis sought to elicit the testimony of a supervisor in the probation department that
supervised the victim’s probation for the offense of tampering with a
governmental record pursuant to Texas Rule of Evidence 608.

            In a hearing outside of the presence
of the jury, Davis made a proffer of the proposed testimony of the probation
officer.  Specifically, he asked the following:

Q:        Ma’am, I think we were about to the part
where I think I asked you if you had a chance to look at the file. 

 

A:        Yes.

 

Q:        Okay.  And that’s a file that’s kept in
the normal course of the operation of the probation department; is that
correct?

 

A:        That’s correct.

 

Q:        Okay.  Records made by people who have
personal knowledge of the entries, is that right?

 

A:        That’s correct.

 

Q:        Okay.  And you’ve had a chance to look
at that.  And based on what you’ve seen in those records, do you have an
opinion on whether Ms. Rollins is a truthful person or not?

 

A:        Yes, I do.

 

Q:        And what would that be?

 

A:        That she is not a truthful person.

 

            It is apparent that at the trial
court, Davis was seeking to elicit testimony regarding the probation officer’s opinion
regarding the victim’s character for truthfulness, not the victim’s reputation
for truthfulness.  However, his complaint to this Court relates solely to
reputation evidence.  Testimony regarding a witness’s opinion of the victim’s
character for truthfulness is not the same as a witness’s knowledge of the
victim’s reputation for truthfulness.  See, generally, Scott
v. State, 222 S.W.3d 820, 823-826 (Tex. App.—Houston [14th Dist.] 2007, no
pet.).  The first is the direct opinion of the witness, which could be based
solely on personal knowledge.  The second is based on significantly more
information.  Reputation evidence must be based on conversations with others or
hearing others discuss the reputation of the individual in question, not just
personal knowledge.  See Adanandus v. State, 866 S.W.2d 210, 226 (Tex. Crim. App. 1993).   Davis’s complaint does not comport with his objection at trial. 
To preserve error for appellate review, the point of error on appeal must
comport with the objection made at trial.  See Tex. R. App. P. 33.1; see also Sorto v. State, 173
S.W.3d 469, 476 (Tex. Crim. App. 2005).  We overrule issue one.

Evidence of Gang Membership 

            Davis complains that the trial court erred by allowing the
introduction of evidence of his purported membership in the “Crips,” including
the introduction of a photograph of Davis making a gang sign in the punishment
phase of his trial.  Davis contends that the admission of the gang-related
evidence was more prejudicial than probative.  However, during the testimony
given relating to Davis’s purported gang membership and the activities of the
Crips in general, Davis only objected one time on the basis of relevance. 
Therefore, we limit our consideration of this issue to the only time Davis objected on the basis that the evidence was more prejudicial than probative, which
was at the time of the admission of the photograph.  See Tex. R. App. P. 33.1.  

            We review challenges to the admission
of evidence for an abuse of discretion by the trial court.  Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g) (“as long
as the trial court's decision was within the zone of reasonable disagreement
and was correct under any theory of law applicable to the case, it must be upheld”). 
Evidence of membership in a gang during the punishment phase of a trial is
generally admissible as evidence of the defendant’s character, as is evidence
relating to the activities of the gang.  Beasley v. State, 902 S.W.2d
452, 456-57 (Tex. Crim. App. 1995).  Davis does not cite to any authorities in
support of his contention that the photograph should have been excluded.  We do
not believe that the admission of the photograph of Davis was outside of the
zone of reasonable disagreement.  We overrule issue two.

Conclusion

            We find that the argument made in this
appeal regarding the admission of the opinion of the probation officer does not
comport with his objection at trial.  We find that the trial court did not
abuse its discretion in the admission of a photograph of Davis making a gang
sign.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice




Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed July 21, 2010

Do not publish 

[CRPM]






'mso-spacerun:yes'>  Tex.
R. App. P. 41.1(a).   

Such an interpretation ignores article V,
section 6 of the Texas Constitution.  Tex. Const. art. V, § 6 (“The
concurrence of a majority of the judges sitting in a section [panel] is
necessary to decide a case.”).

It ignores section 22.222(c) of the Texas
Government Code.  Tex. Govt. Code Ann. § 22.222(c) (Vernon 2004) (“A majority
of a panel constitutes a quorum for the transaction of business, and the
concurrence of a majority of a panel is necessary for a decision.”).

          It
ignores long-standing Texas Supreme Court precedent, decided even before the
constitution specified the number of judges on a court of appeals that
constitutes a quorum.  Nalle v. City of Austin, 85 Tex. 520, 22 S.W. 668 (1893).  The Supreme Court observed:

Hence, if it should be held that a full bench is
necessary to make a quorum, the result would be, that in the event of the
absence of one of the judges by reason of sickness or from any other cause, the
business of the court would remain in suspense until the absent member should
be present.  Such a rule would be fraught
with mischief, and would tend to obstruct the accomplishment of the very
purpose for which the Courts of Civil Appeals were created.

 

Id. at 671. 
The Court proceeded, “if two be a quorum, and two be qualified and able
to agree, no additional judge is requisite to a decision of the case, although
the third member of the court be recused.” 
Id.  And
finally, “[w]e conclude, therefore, that the disqualification of Judge Key did
not make requisite the appointment of a special judge, and that the court
composed of his two associates constituted a lawful tribunal for the trial and
determination of the case.”  Id. at 672.

          It
ignores more recent precedent, specifically rejecting the dissent’s
assertion.  See Hoyt v. Hoyt, 351 S.W.2d 111, 114 (Tex. Civ. App.—Dallas 1961,
writ dism’d w.o.j.).  After noting that
Associate Justice Williams chose not to participate in the decision
because he had been the trial judge (although not legally disqualified), the
majority in Hoyt said that even the
disqualification of one member does not prevent the other members from lawfully
proceeding.  Id. (citing Nalle).

          It
ignores Dickinson State Bank v. Ogden,
where a judgment was held valid when one member of a panel had been elected to
the Supreme Court after the case was submitted on oral argument and the case
was then decided by the remaining panel members.  Dickinson
State Bank v. Ogden, 624 S.W.2d 214, 222 (Tex. Civ. App.—Houston [1st
Dist.] 1981), rev’d on other grounds,
662 S.W.2d 330 (Tex. 1984) (on rehearing).

          That
leaves the question, “Does Appellate Rule 41.1(a) impose a requirement that all
three members of a three-justice court of appeals actually participate in the
decision of every case submitted without argument, when none is disqualified or
recused?”

Court-adopted rules cannot be inconsistent with
the constitution.  See Starnes v. Holloway, 779 S.W.2d 86, 96
(Tex. App.—Dallas 1989, writ denied). 
"Of course, a statute controls over a procedural rule."  In re
Chu, 134 S.W.3d 459, 466 (Tex. App.—Waco 2004, orig. proceeding).  An interpretation of Rule 41.1(a) that
requires that all three justices of this court participate in every decision
rendered without oral argument conflicts with section 6 of article V of the
Texas Constitution and section 22.222(c) of the Government Code, both of which
provide that a majority of a panel constitutes a quorum.  Tex.
Const. art. V, § 6; Tex. Govt.
Code Ann. § 22.222(c).

Furthermore, such an interpretation creates an
absurd result, by giving one member of the court a virtual veto over any
opinion in an unargued case with which that member does not agree.  As long as the “dissenting” member is not
disqualified or recused and remains on the panel, no opinion could issue.  The majority’s only recourse would be to
schedule the case for oral argument, so that Rule 41.1(c) would allow the
issuance of the opinion without the participation of the “dissenting”
(non-participating) justice.  See Tex.
R. App. P. 41.1(c) (After argument, if for any reason a member of the
panel cannot participate in deciding a case, the case may be decided by the two
remaining justices.).  The dissent’s
construction of the Rule is “fraught with mischief.”  Nalle,
22 S.W. at 671.

          Because
we can reasonably construe Rule 41.1(a) so that it does not conflict with the
constitution or the statute, we should do so. 
See Collins v. Ison-Newsome,
73 S.W.3d 178, 184 (Tex. 2001) (Jefferson, J. concurring) (“When a procedural
rule conflicts with a statute, the statute controls unless the rule repeals the
statute under Texas Government Code section 22.004.”) (citing Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000)). 
A reasonable construction of the rule, if it applies, is that two justices
on a three-member court of appeals may decide a case submitted without argument
when the third justice voluntarily elects not to participate in the decision.

          I
concur in the order withdrawing the prior opinion and judgment in this case and
substituting the revised opinion and judgment.

 

 

BILL VANCE

Justice

 

Concurring opinion delivered and filed November
 10, 2004








 











    [1]       Rule 41.1(a) may not apply to
three-justice courts of appeals at all, considering that it begins “Unless a
court of appeals with more than three justices . . . .”   For purposes of this opinion, I—like the
dissent—assume it applies.