## ARSOLA v. ARSOLA.

### No. 9859.

Court of Civil Appeals of Texas.
San Antonio.

May 20, 1936.

Rehearing Denied Oct. 21, 1936.

Chas. T. Haltom, of San Antonio, for appellant.

W. C. Williams, of San Antonio, for appellee.

SMITH, Chief Justice.

This action was brought by Martin Arsola against Clemencia Sandoval Arsola for divorce from the bonds of matrimony, evidenced by a common-law marriage of the parties in the year 1916, and for adjustment of property rights. Upon a trial without a jury the court below denied all relief prayed for by Martin, who has appealed. The parties will be designated as plaintiff and defendant, as in the trial court.

As plaintiff has not appealed from the denial of divorce, there is no occasion to discuss the evidence upon that branch of the case.

Plaintiff alleged in his original petition, filed on October 7, 1930, that he and defendant entered into a common-law marriage in 1916; that they lived together as husband and wife until in 1927, when they quarreled and agreed to separate, and did then and there separate; that a month later they resumed the marital relation and continued therein until July 4, 1930, when they again separated; that at their first separation, in 1927, which was then intended to be permanent, they entered into a separation agreement, whereby plaintiff, by deed dated July 7, 1927, conveyed his interest in the community estate (consisting of a lot with three small houses thereon) to defendant, in consideration of $300, $100 of which was paid in cash and the balance evidenced by defendant's note for $200; that upon renewal of the marital relation a few weeks later they agreed "that all contracts, and agreements made in contemplation of their intention to permanently separate should be set aside and held for naught, and cancelled, and especially the conveyance shown by said deed of July 7, 1927." Plaintiff also alleged certain facts as grounds for divorce from defendant, and prayed for divorce, and tendering the $100 paid him by defendant at the time of the execution of said deed, prayed for a cancellation of said deed, or, in the alternative, that he have judgment for $200, balance due on the consideration for said deed, and for a lien on the property as security for said balance, and foreclosure thereof.

In an amended petition plaintiff alleged all the foregoing facts, and further that after the institution of this suit, he and defendant, "with the intention of an adjustment of their property rights and in contemplation of a divorce, or at least a permanent separation," entered into an agreement whereby defendant, in consideration of the prior deed of said property to her, executed her promissory note, payable to plaintiff, in the sum of $250, payable in monthly installments of $20 each, in which it was recited that the obligation was given as a part of the purchase price of said property, and that the vendor's lien upon said property was there-

by expressly acknowledged by defendant and retained by plaintiff as better security of said note. It was also alleged that since executing said note defendant had paid $70 of the amount thereof, leaving a balance due thereon of $180, and plaintiff prayed, as before, for divorce, for the cancellation of all of said agreements, deed, and notes, "to the end that the parties hereto shall each have an undivided one-half interest in and to said property, the same as if said deed and confirmation contract, including vendor's lien attached to same, were never made." Plaintiff further prayed for a settlement of the property rights between the parties, and for varied appropriate alternative relief.

The trial court rendered judgment against plaintiff upon numerous conclusions, based upon numerous findings of fact, none of which are challenged by plaintiff, except a finding that defendant paid the full recited purchase price of the property conveyed to her by plaintiff on July 7, 1927. That finding was not supported by any evidence, was contrary to all the evidence, and we therefore sustain plaintiff's assignment of error complaining of that finding. This holding is not controlling, however.

The court found, and the record shows, that plaintiff's cause of action to cancel said deed, and to recover the unpaid balance of the consideration therefor, was barred by limitation, and we uphold that finding.

The court also found as a fact that the confirmation agreement, and note, executed by defendant after this suit was brought, were procured by undue influence practiced upon defendant by plaintiff and his agents, and upon this finding the court concluded that those instruments were unenforceable. Plaintiff did not challenge that finding of fact in the court below, nor does he challenge it by assignment of error in this court, which is bound thereby.

As the action to cancel the deed of July 7, 1927, was barred by limitation, and the action upon the note was defeated by the finding that the same was unenforceable because procured through undue influence, the judgment will be affirmed without reference to other questions raised in the appeal, and which cannot affect the result.

Affirmed.