**William A. BOWLING, Appellant,**

v.

**Helen BOWLING, Appellee.**

**No. 14179.**

Court of Civil Appeals of Texas.

Houston.

Dec. 5, 1963.

Rehearing Denied Jan. 9, 1964.

Sam Bass, Freeport, for appellant.

J. L. Wilcox, Freeport, Edwin E. Brewer, Angleton, for appellee.

BELL, Chief Justice.

Appellee was awarded a divorce from appellant by the trial court. The judgment partitioned what the court found to be community property of the parties. A certain lot was held to be the separate property of appellee and was set aside to her. The judgment gave appellee, as her share in the community property, the home together with the household furnishings. Also it gave a personal judgment to appellee against appellant for $1400.00. Appellant was given as his share of the community 20 head of cattle, one pick-up truck, 2 head of horses, and other personal property in his possession.

Appellant makes no complaint of that part of the judgment granting the divorce. He complains of that part of the judgment giving appellee a personal judgment against him for $1400.00. His Point of Error is as follows:

"The Trial Court erred in awarding Plaintiff below, Appellee herein, the sum of $1,400.00 cash thereby placing Appellant in the position of having to sell his cattle to pay said sum for the reason that 16 head of cattle and 1 bull constituted the separate property of Appellant."

It will be seen from this Point and the argument thereunder that appellant contends that 16 head of cattle and one bull were his separate property and should have been set aside to him as such and that the effect of giving appellee a judgment for $1400.00, which can be satisfied only by his selling the cattle, presumably because appellant has no other property, in effect divested him of title to his separate property. Too, in the argument under the Point of Error, he contends 16 head of cattle were his separate estate and should have been set aside to him as such and the division of the property made by the court is inequitable to him. The burden of appellant's argument is that he used $1194.00, which he received from the sale of real estate he owned before marriage, to purchase 16 head of cattle and one bull and the cattle and bull became his separate property even though the sale took place after his marriage. So far as the judgment is concerned, the court found all property, except the Quintana lot, to be community property.

There is an agreed statement of facts in the record. It recites that appellant sold his real estate that he owned before marriage, and made a profit of $1194.00. The sale was after marriage. Of course, the $1194.00 received was appellant's sep-

arate property and if it were traced to property purchased, the newly acquired property would have the same status. The agreed statement of facts contains this statement: "That shortly after the marriage * * * the sums received from the sale of the properties at Clute, Texas, were used by * * * William A. Bowling, to purchase sixteen head of cattle and one bull." There is also this statement in the agreed statement of facts: "That this and the papers on file in said cause constitute the entire testimony submitted before the Court as of the date of the hearing." On submission it was admitted by the parties that the written inventories filed by the parties, which appear in the transcript, were introduced in evidence. We find no other papers, except for the pleadings, that purport to recite facts with regard to the property. The pleadings, that is, the appellee's petition and the cross-petition of appellant, make no contention that there was separate property. In fact, each recites there is community property, but the extent thereof is not known and the court is asked to require the opposite party to file an inventory. Appellant filed a sworn inventory. Appellee filed an unsworn one. We consider these inventories were introduced in evidence and are, therefore, considering the facts there shown. In the light of the recital in the agreed statement and the admission of the parties on submission, we consider them to be "the papers on file."

It is noted that appellant's inventory sets out numerous items of personal property, as well as an equity of $1,000.00 in the home. Too, it shows the value placed on each item. Nowhere does this inventory show which is claimed to be separate and which community property. The inventory filed by appellee shows there was a joint bank account. It shows a check drawn on the account in December, 1960, about two months after the marriage, for $2250.-00 given in purchase of cattle. This is more than the $1194.00 above mentioned.

Too, the check number is given and is 26 numbers higher than the lowest numbered check shown as having been given in payment for property acquired. This indicates other checks drawn on the account during the period from October, the date of their marriage, and December 14. Too, there is a statement in appellee's inventory showing that during the marriage appellant deposited $4428.11 in the account and appellee deposited $3357.44. Also $1433.19 is shown to have been obtained from the sale of cattle. The times of the various deposits are not shown.

■ It will be noted that the statement of facts merely states: " * * * the sums received from the sale of the properties at Clute * * *" were used to purchase cattle. This does not necessarily mean that the same money was used. From the facts we have above recited, the trial court could have well concluded there had been a co-mingling of the $1194.00 in the joint account so that it could not be traced to the cattle purchased. Too, there had been a sale of some cattle during the marriage, so different cattle were on hand at the time of the divorce. At least some of those originally purchased had been sold and apparently others purchased or some cows had had calves.

We must conclude that the trial court was justified in treating everything except the Quintana lot as community property.

■ When we consider the whole record, we are unable to say the trial court abused his discretion in dividing the property as he did and compensating appellee with a money judgment to substantially offset the greater amount of community property appellant received. The division need not be equal so long as it is not so disproportionate as to be inequitable. Here it was, under all facts, substantially equal.

No complaint is made that the court rendered a money judgment instead of dividing the property in kind.

We do not mean to imply that even had the cattle been separate property, the court could not have divested appellant of title. The limitation against divesting of title applies to real estate, not personal property.

The judgment of the trial court is affirmed.