Virginia THOMAS, Appellant,

v.

James Bullock THOMAS, Appellee.

No. 16470.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 22, 1975.

John F. Schaffer, Houston, for appellant.

Michael D. Inlow, Houston, for appellee.

PEDEN, Justice.

Mrs. Virginia Thomas appeals from the judgment entered in a divorce action after a non-jury trial. In her points of error she complains that 1) the trial court's partition of the community property was unjust and unfair, 2) the court failed to consider appellee's civil service retirement fund and 3) the award of child support was inadequate.

All of the property of the parties was community property.

■ The trial judge did not make findings of fact or conclusions of law in response to the appellant's request for them, but this omission apparently was not timely called to the court's attention as required by Rule 297, Texas Rules of Civil Procedure, so we must affirm the judgment if it can be supported on any theory presented by the record, and we must view the evidence in a light most favorable to the appellee. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1951). Therefore, in reviewing the division of the parties' community estate we accept the appellee's value testimony.

The trial court awarded to the wife the equity in the parties' home, its furnishings and appliances, an automobile, the bank accounts in her name and possession, half of the parties' U. S. Savings Bonds, proceeds of her thrift and pension plan and all of her personal effects. The husband was awarded the other three bank accounts, the funds accumulated under his N.A.S.A. retirement plan, half of the parties' U. S. Savings Bonds, an automobile and all jewelry and personal property then in his possession.

Approximately $18,059.33 held in a trust for the benefit of the parties' two younger children was ordered held for the same purpose under a written trust to be administered by the parties. The husband was ordered to pay an attorney's fee of $1500 for the wife. The wife was appointed managing conservator of the parties' three children, whose ages were sixteen, thirteen and eleven, and the husband was ordered to make child support payments of $100 per month to each child "until the child with respect to whom payments are made shall attain the age of eighteen."

■ The husband's evaluation of the property awarded to the wife was $25,642. The attorney's fee is a factor to be considered in making an equitable division of the estate. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950). When the attorney's fee is added to the value of the wife's share, it amounts to $27,142. Again using the husband's evaluation, and subtracting from his share the $1500 attorney's fee, the value of the property awarded to him is $34,-251.66. Thus the husband's share was about 56% of the total, and the trial court's division favored him by about $7,100.

Article 3.63 of Vernon's Texas Family Code, V.T.C.A. provides: "In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems fair and right, having due regard for the rights of each party and any children of the marriage."

■ The statute makes clear, and it is well settled in Texas law, (both under this statute and the earlier, similarly-worded one) that the trial court has broad discretion in dividing the estate of the parties.

■ The trial court's action in exercising this wide discretion should be corrected on appeal only where an abuse of discretion is

shown in that the disposition made of some property is manifestly unjust and unfair. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923).

The court's duty is to make an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002 (1950). The division need not be equal, Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682 (1959), so long as it is not so disproportionate as to be inequitable, Bowling v. Bowling, 373 S.W.2d 829 (Tex.Civ. App.1963, no writ), and so long as the circumstances justify awarding more than one-half to one spouse. Duncan v. Duncan, 374 S.W.2d 800 (Tex.Civ.App.1964, no writ); Keene v. Keene, 445 S.W.2d 624 (Tex.Civ. App.1969, writ dism.). Justice Claude Williams stated for the court in Waggener v. Waggener, 460 S.W.2d 251 (Tex.Civ.App. 1970, no writ):

"The law permits a variety of factors to be looked to as justification for an unequal division. The points of inquiry upon which evidence should be accepted and tested by a trial court in making its decision as to equitable division of the property to be divided are enumerated in Speer's Marital Rights in Texas, Vol. 3, Sec. 835, pp. 178–179 and include (1) the nature of the property; (2) the relative rights of the parties and the children; (3) the condition of the parties and their ability to make a living; (4) the earning power, business opportunities, capacities, and abilities of the parties; and (5) the benefit which a spouse not at fault would have derived from the estate of the other spouse through a continuance of the marriage. These basic factors have consistently been examined and considered by trial courts in carrying out the statutory mandate to decree a just and fair division of property."

A careful examination of the entire record in this case does not reveal circumstances which we consider justify the unequal division which was ordered. Neither party was alleged or shown to be to blame for ending the marriage. The husband is 46 years old and is a graduate engineer employed by N.A.S.A. at an annual salary of $23,500, while the wife is employed as a secretary at an annual salary of about $9,900. The disparity between the shares awarded to the parties does not appear to be related to providing support or education for the children. The only factor we can find in the record which might influence an unequal division of the property in favor of the appellee was his testimony concerning his employment. He said that if anything happened to him the only retirement funds he has are those held under his government retirement plan because he cannot draw Social Security benefits. He has about $12,500 in his retirement fund. He can draw it out if he leaves N.A.S.A. He testified that those who have left N.A.S.A. have found it almost impossible to find a job and that people in this area do not regularly hire aerospace engineers. An objection was made based on lack of materiality of this testimony. The trial judge stated that he would take judicial knowledge of it; that he had been keeping up with that situation.

A court may take judicial notice of a fact so notorious or one whose existence is so easily ascertainable that proof will not be required. 1 McCormick & Ray, Texas Law of Evidence, 170, § 151. It is doubtful if the matter in question was a proper one for judicial notice, but even if properly in evidence it does not furnish an equitable basis for the property division ordered in this case. We think it amounted to an abuse of judicial discretion.

We find no merit in the appellant's second point. The trial court considered the appellee's civil service retirement fund and awarded it to him.

We also overrule her third point. We cannot say from the record in this case

that the award of child support was inadequate.

In Wilson v. Wilson, 225 S.W.2d 236 (Tex. Civ.App.1949, no writ) it was held that since the child support order may have been made in the light of the disposition of certain property (which disposition was reversed), the judgment was also reversed with respect to the child support order.

In our case we think there was no connection between the amount of the support payments ordered and the property division, so we reverse and remand only as to the latter. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is left undisturbed in all things except that with respect to the division of the community property it is reversed and remanded.