**Lilla CAMPBELL, Appellant,**

v.

**Recil Aubry CAMPBELL, Appellee.**

**No. 17873.**

Court of Civil Appeals of Texas, Fort Worth.

June 23, 1977.

·Charles E. Tobin, Inc., and William E. Norman, Dallas, for appellant.

Kelsey & Wood, and R. William Wood, Denton, for appellee.

OPINION

SPURLOCK, Justice.

Appellant appeals from a divorce decree. Her only point of error is that the trial court abused its discretion by making an unjust and unfair division of the estate of the parties.

We affirm.

Although appellant states that the evidence is insufficient to support the court's award, she has not attacked any of the trial court's findings. Accordingly, we are bound by those findings. *Arsola v. Arsola,* 97 S.W.2d 241 (Tex.Civ.App.—San Antonio 1936, no writ). The trial court found the estate of the parties as follows:

| SEPARATE PROPERTY OF LILLA CAMPBELL (APPELLANT) | VALUE |
|---|---|
| 1. Colleyville National Bank account | $2,139.50 |
| 2. 3 acres of land near Grapevine | undetermined |
| 3. All personal property possessed by her prior to the marriage, including clothes dryer and Dearborne heater | undetermined |

| SEPARATE PROPERTY OF RECIL AUBRY CAMPBELL (APPELLEE) | VALUE |
|---|---|
| 1. 1970 Ford pickup truck (subject to community interest of $432.00) | $ 650.00 |
| 2. Parties' savings account at Lewisville State Bank | $1,800.00 |
| 3. All personal property possessed by him prior to marriage | undetermined |

| COMMUNITY PROPERTY OF PARTIES | VALUE |
|---|---|
| 1. Savings account at Lewisville State Bank | $1,284.00 |
| 2. Equity in house and lot, Box 933 AA–2, Denton, Texas (subject to $1,000.00 right of reimbursement in favor of Recil Aubry Campbell) | $2,000.00 |
| 3. Lincoln automobile (no debt) | $2,500.00 |
| 4. RCA color TV, chain saw, washing machine, lawn mower, reclining chair | undetermined |
| 5. Checking account in name of Lilla Campbell | 207.00 |
| 6. Interest in Ford pickup truck (interest in Recil Aubry Campbell's pickup which was valued at $650.00) | $ 432.00 |

The court made the following division of the above estate:

| PROPERTY AWARDED TO LILLA CAMPBELL (APPELLANT) | VALUE |
|---|---|
| 1. Colleyville National Bank account | $2,139.50 |
| 2. 3 acres of land near Grapevine | undetermined |
| 3. Savings & checking accounts at Dallas County State Bank in name of Lilla Campbell & daughter, Mary Bench | undetermined |
| 4. Personal checking account at Lewisville State Bank | $ 207.00 |
| 5. 1971 Lincoln automobile | $2,500.00 |
| 6. All personal property possessed by her prior to the marriage, except clothes dryer and Dearborne heater | undetermined |

| PROPERTY AWARDED TO RECIL AUBRY CAMPBELL (APPELLEE) | VALUE |
|---|---|
| 1. Equity in house & lot, Box 933 AA–2, Denton, Texas | $2,000.00 |
| 2. All his personal property possessed prior to the marriage | undetermined |
| 3. RCA color TV, chain saw, tools & tool chest, washing machine, lawn mower & reclining chair | undetermined |
| 4. His personal checking account at Lake Cities State Bank | undetermined |
| 5. 1970 Ford pickup truck | $ 650.00 |
| 6. Clothes dryer and Dearborne heater | undetermined |

The court further directed that the balance of the parties' savings account at Lewisville State Bank (approximately $3,100.00) be applied to any of appellee's past medical bills not covered by insurance; that appellee receive the next $1,000.00 from the account; and that the remaining funds be equally divided between the parties. The court also concluded that appellee had received less than an equal share of the community estate, including the $1,284.00 community interest which the court found in the savings account.

Under the provisions of Tex.Family Code Ann. § 3.63 (1975), the trial court must divide ". . . the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Ordinarily, the community property is divided equally, and the parties' separate property is restored to them. L. Simpkins, Texas Family Law, with Forms, § 5:61, "Discretion of trial court—Application of equitable considerations," at 331 (Speer's 5th ed. 1975).

It is well settled, however, that the division of the parties' community estate need not be equal so long as it is not so disproportionate as to be inequitable. *Bell v. Bell*, 513 S.W.2d 20 (Tex.1974); *Bowling v. Bowling*, 373 S.W.2d 829 (Tex.Civ.App.—Houston 1963, no writ). Nor must a party's separate property be restored. *Dillingham v. Dillingham*, 434 S.W.2d 459 (Tex.Civ.App.—Fort Worth 1968, writ dism'd). The trial

court has wide discretion in its division of the parties' estate, and that discretion will not be disturbed on appeal unless it is clearly abused. *Bell,* supra.

■ In appropriate circumstances, equity may dictate an unequal division of community property and an award of one party's separate property to the other. Among the factors which may be considered are the size of the estates, the age and physical condition of the parties, and their relative abilities and need for future support. *Roberts v. Roberts,* 535 S.W.2d 373 (Tex.Civ. App.—Tyler 1976, no writ).

Appellant contends that the court may also consider the cause of the parties' inability to live together as husband and wife, or the conduct that contributed to the divorce, and the benefits that the spouse not at fault would have received from the estate of the other through the continuation of the marriage. In this case, however, there is no determination of fault for the court to consider, the divorce decree having been rendered without regard to fault in accordance with the pleadings. The trial court excluded evidence on the question of fault, and no complaint is made of that action.

■ Appellee testified he is 100% disabled by severe emphysema and that his only income is a $311.10 monthly social security disability payment. Appellant, on the other hand, testified that she is employed as a restaurant manager, making an average of $190.00 every two weeks, plus tips, and that she receives $100.00 per month in rental income from her separate property near Grapevine. The court found that appellant's earning capacity is substantially greater than that of appellee and that appellee's physical condition entitles him to the clothes dryer and Dearborne heater, although both items were appellant's separate property.

We hold that no abuse of the trial court's discretion has been shown.

The judgment is affirmed.