David TARIN, Appellant,

v.

Clara TARIN, Appellee.

No. 6991.

Court of Civil Appeals of Texas, El Paso.

Sept. 3, 1980.

Richard A. Mendoza, Inc., Richard A. Mendoza, El Paso, for appellant.

Ainsa, Skipworth, Zavaleta & Butterworth, Hector M. Zavaleta, El Paso, for appellee.

## OPINION

OSBORN, Justice.

In this divorce case, the husband appeals from that part of the Court's division of the community property which divided the parties' homestead so as to award each spouse a 50% interest, but gave the wife the right to occupy the home until she either dies, remarries or sells the property.

The divorce was granted without regard to fault on either party. Mr. Tarin is a 52–year old cook who makes about $550.00 net each month. Mrs. Tarin is a 43-year old seamstress who makes about $400.00 a month. The couple has one minor child, age 15, who lives with her mother and for whom Mr. Tarin is required to pay $150.00 per month in child support and provide major medical insurance coverage.

Each party was awarded their own personal effects, and one undeveloped lot, which probably is of little value. Mrs. Tarin is to receive $1,500.00 out of her husband's retirement fund, now valued at $3,000.00, at such time as payments are made to Mr. Tarin. She also received all of the household furnishings and fixtures. He has a 1975 Granada automobile and she has a 1974 Nova automobile. Each party received one–half of a savings account of $1,900.00. Mr. Tarin was ordered to pay two installment accounts totaling $70.00.

The parties purchased their homestead in 1969 at a cost of $8,050.00. They agreed it is now worth $26,000.00 and the purchase money note has been reduced to $6,000.00. In answer to a special issue, the jury answered that each party should receive a 50% interest in the homestead. The judgment awards each party a 50% interest in the homestead, and provides: "The husband shall receive 50% of the fair market value as of the date of this judgment, which has been agreed by the parties to be $26,000.00. The wife shall have exclusive occupancy of the residence until the wife dies, remarries, or decides to sell."

The Appellant's one point of error complains of the trial Court's awarding Mrs. Tarin exclusive occupancy of the homestead until she dies, remarries or sells the property. The Family Code provides in Section 3.61, Tex.Family Code Ann. (Supp.1980), that either party may demand a jury trial. Section 3.63, Tex.Family Code Ann. (1975), provides in a decree of divorce "the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." The cases have long recognized that the jury's verdict in such a case is only advisory. *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975); *Goetz v. Goetz*, 534 S.W.2d 716 (Tex.Civ.App.–Dallas 1976, no writ); *Bagby v. Bagby*, 186 S.W.2d 702 (Tex.Civ.App.–Amarillo 1945, no writ); *Becker v. Becker*, 299 S.W. 528 (Tex.Civ.App.–El Paso 1927, no writ).

In deciding the basis upon which property should be divided in a divorce case, the Court in *Thomas v. Thomas*, 525 S.W.2d 200 (Tex.Civ.App.–Houston [1st Dist.] 1975, no writ), said:

> The court's duty is to make an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). The division need not be equal, *Williams v. Williams*, 160 Tex. 99, 325 S.W.2d 682 (1959), so long as it is not so disproportionate as to be inequitable, *Bowling v. Bowling*, 373 S.W.2d 829 (Tex. Civ.App.1963, no writ), and so long as the circumstances justify awarding more than one–half to one spouse. *Duncan v. Duncan*, 374 S.W.2d 800 (Tex.Civ.App. 1964, no writ); *Keene v. Keene*, 445 S.W.2d 624 (Tex.Civ.App.1969, writ dism.). Justice Claude Williams stated for the court in *Waggener v. Waggener*, 460 S.W.2d 251 (Tex.Civ.App.1970, no writ):
>
> > 'The law permits a variety of factors to be looked to as justification for an unequal division. The points of inquiry

upon which evidence should be accepted and tested by a trial court in making its decision as to equitable division of the property to be divided are enumerated in Speer's Marital Rights in Texas, Vol. 3, Sec. 835, pp. 178–179 and include (1) the nature of the property; (2) the relative rights of the parties and the children; (3) the condition of the parties and their ability to make a living; (4) the earning power, business opportunities, capacities, and abilities of the parties; and (5) the benefit which a spouse not at fault would have derived from the estate of the other spouse through a continuance of the marriage. These basic factors have consistently been examined and considered by trial courts in carrying out the statutory mandate to decree a just and fair division of property.'

It is well established that the trial court has broad discretion in the division of property on divorce, and its discretion will be disturbed on appeal only when it is shown that there was an abuse of discretion. *Cockerham v. Cockerham,* supra; *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974). Our role in such a case as is now before the Court is to determine only if there has been an abuse of discretion. *McKnight v. McKnight,* 543 S.W.2d 863 (Tex.1976).

And while it is clear that the division of the property does not have to be equal, the discretion of the trial court is not unlimited, and there must be some reasonable basis for decreeing an unequal division of the property. *McKibben v. McKibben,* 567 S.W.2d 538 (Tex.Civ.App.–San Antonio 1978, no writ); *Dietz v. Dietz,* 540 S.W.2d 418 (Tex.Civ. App.–El Paso 1976, no writ); *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.– Houston [1st Dist.] 1974, no writ); *Keene v. Keene,* 445 S.W.2d 624 (Tex.Civ.App.–Dallas 1969, writ dism'd). In this case, we find none. As Mr. Tarin pays his child support, the parties' income will be nearly equal. Neither party has any separate property. The divorce was granted without regard to fault. Although there is some evidence the minor daughter has a kidney problem, there is no proof of the fact that it has caused her to be disabled or resulted in any unusual medical treatment. The husband testified that he had no objection to Mrs. Tarin occupying the house until the daughter is 21 years old. To give her possession of the house for three years after the daughter becomes an adult, and to award her all of the household furniture and fixtures, makes the award more than a 50–50 division between the parties. Considering the ages of the parties, it seems very unlikely that Appellant himself will ever receive anything from the most valuable item of property owned by these parties. Unless Appellee remarries, Appellant may have at best an interest which he can only pass to others after his death and the death of Mrs. Tarin, should she survive him, as she most likely should.

Giving Mrs. Tarin possession of the house for the rest of her natural life while giving Mr. Tarin nothing of equal value makes the division substantially unequal, and constitutes an abuse of discretion. We find no basis for the disproportionate division and must sustain Appellant's Point of Error One.

That part of the trial Court's judgment which divides the community property of the parties is reversed and remanded, and in all other respects the judgment is affirmed.