Felton PATT, Appellant,

v.

Almatine PATT, Appellee.

No. 01–84–0496–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 25, 1985.

David Heller, Stolaroff & Heller, Houston, for appellant.

Johnny L. Charles, Houston, for appellee.

Before DUGGAN, WARREN and HOYT, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from that portion of a divorce decree dividing the parties' community property.

The parties had been married for over 31 years before their separation in June, 1982. The divorce was granted on the basis of irreconcilable differences without regard to fault of either party. The eleven children of the marriage were all over eighteen years of age at trial time in February, 1984.

The community estate consisted of a homestead valued by the parties at $40,000 (subject to a mortgage of approximately $8,000), a 1977 Grand Prix automobile, and household furniture and fixtures purchased originally for between $1,500 and $2,200, and situated in the homestead residence. Neither party owned separate property. The court awarded each party (1) an undivided one-half interest in the homestead, and (2) ownership as separate property of the household furnishings, appliances, fixtures, wearing apparel, jewelry, and other personal property in his or her own possession or control. The court further awarded the appellee, Almatine Patt, the automobile and the exclusive use and possession of the home during the remainder of her life, subject to her timely payment of the house note, taxes, insurance, and reasonable maintenance and upkeep. All of the household furnishings, appliances and fixtures were situated in the homestead residence and thereby became the separate property of the appellee wife.

Appellant urges by his points of error one, two, three, and six, that (1) the trial court divided the community property in a manner that was "disproportionate, inequitable, and manifestly unjust and unfair,"

because the effect of the decree was to award all of the personalty and realty to the wife; and (2) there is no evidence to support such a division.

■ Although the appellant initially requested findings of fact and conclusions of law from the trial court, he failed to call attention to the court's omission to file them, as required by Tex.R.Civ.P. 297, and none were filed. In the absence of findings of fact and conclusions of law, we must affirm the judgment if it can be supported on any theory presented by the record, viewing the evidence in the light most favorable to the appellee. *Goodyear Tire & Rubber Co. v. Jefferson Constr. Co.,* 565 S.W.2d 916, 918–19 (Tex.1978); *Thomas v. Thomas,* 525 S.W.2d 200, 202 (Tex.Civ.App. —Houston [1st Dist.] 1975, no writ).

■ Tex.Fam.Code Ann. sec. 3.63 (Vernon Supp.1984) provides:

In a decree of divorce or annulment the Court shall order a division of the estate of the parties in a manner that the Court deems just and right, having due regard for the rights of each party and any children of the marriage....

Section 3.63, *supra,* affords the trial court wide latitude and discretion in dividing the community estate of the parties in a divorce suit, *Vallone v. Vallone,* 644 S.W.2d 455, 460 (Tex.1982), and the exercise of this discretion will not be disturbed on appeal without a clear showing of abuse of discretion. *Cockerham v. Cockerham,* 527 S.W.2d 162, 173 (Tex.1975); *Wallace v. Wallace,* 623 S.W.2d 723, 726 (Tex.Civ.App. —Houston [1st Dist.] 1981, writ ref'd n.r. e.). The trial court's discretion is not unlimited, however, and there must be some reasonable basis for an unequal division. *Tarin v. Tarin,* 605 S.W.2d 392, 394 (Tex. Civ.App.—El Paso 1980, no writ). The division of property must not be so disproportionate as to be inequitable and the circumstances must justify awarding more than one-half to one party. *Thomas v. Thomas,* 525 S.W.2d 200 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). Among the factors that a court may look to as justifica-

tion for an unequal division of community property are:

(1) the nature of the property;

(2) the relative earning capacities and business experience of the spouses;

(3) educational background of the parties;

(4) size of separate estates;

(5) the age, health and physical condition of the parties;

(6) fault in breaking up the marriage;

(7) the benefits the innocent spouse would have received had the marriage continued; and

(8) probable need for future support.

*Murff v. Murff,* 615 S.W.2d 696, 699 (Tex. 1981); *Clay v. Clay,* 550 S.W.2d 730 (Tex. Civ.App.—Houston [1st Dist.] 1977, no writ).

■ At the time of trial, the appellee wife was 51 years of age. Four of the parties' eleven children were still living with her at home. The youngest child was an unemployed eighteen year-old high school student, and the three older children were employed. Appellee testified that she had received no financial assistance from appellant since he left the house (other than the worker's compensation settlement sum discussed in point of error four), that the children had helped her by paying the house notes and other bills, that she was not employed, and that she had no source of income. There was no testimony that she had ever worked outside the home, or that she possessed any marketable job skills.

While there was no testimony as to appellant's age, appellee's original petition for divorce, filed December 1, 1982, alleged that appellant was 49 years of age. Appellant testified that he had been living with his sister for about two years; that he pays her $100 per month from his only source of income, a monthly social security disability check in the amount of $406; and that he is unable to work because of his physical disability. He testified that since leaving the parties' home, he has remained under a doctor's care for an emphysema condition;

that he was hospitalized for this condition after his workers' compensation settlement; but that since the separation he has not had any further attacks that have required hospitalization.

Although a trial court is specifically authorized by sec. 3.63 of the Family Code to take into consideration the rights of "any children" of a marriage when dividing the estate of the parties, and is not limited to the consideration of the rights of *minor* children only, *Young v. Young,* 609 S.W.2d 758, 760 (Tex.1980), there was no testimony in the record that the children living at home had either mental or physical disabilities that would make them dependent on either party. Three of the four children living at home were employed. Although the youngest child was still attending high school at the time of trial, there was no testimony that he had any special needs that would justify the appellee wife having exclusive use of the homestead after his graduation from high school. *McKnight v. McKnight,* 535 S.W.2d 658, 660 (Tex.Civ. App.—El Paso), *rev'd on other grounds,* 543 S.W.2d 863 (Tex.1976).

Neither party has any separate property, and their only significant community asset is the home and its furnishings and fixtures. Taking into consideration appellant's age and physical condition, it is highly possible, as he asserts in his brief, that he will never receive anything more than the remainder interest awarded by the court in the residence property, the most valuable item of community property owned by the parties. *Tarin v. Tarin,* 605 S.W.2d 392, 394 (Tex.Civ.App.—El Paso 1980, no writ).

In considering the needs of the parties and the surrounding circumstances, the trial court appears to have shown a primary and realistic concern that each spouse have current living expenses. The court apparently concluded that the appellant's subsistence needs are met by his $406 monthly social security disability benefit, which provides him current funds that, after payment of $100 to his sister for room and board, leaves him $306 monthly for other living expenses. The court's award of the exclusive use of the house to the appellee/wife provides her a place of residence and the means to earn current income by renting either to her children or other persons. Although testimony showed that three adult children living at home presently provide the appellee her sole current income, the court may have recognized that the adult children's living arrangement was temporary. If the children move, appellee might be able to rent a portion of the house to other persons to earn current living expenses. Should she be unable to do so, and be unable to satisfy mortgage, tax, insurance and maintenance payments on the residence premises, the property would have to be sold, at which time appellant would receive payment for his community one-half interest. Appellant's equity would have increased in value because of interim current monthly payments made by appellee. We are unable to say that the trial court's division of the estate constituted, in the circumstances, an abuse of discretion.

*Thomas v. Thomas, supra,* relied on by appellant, is distinguishable in that it concerns the division of a relatively abundant estate between spouses who each had jobs and current salaries. Our opinion in *Thomas* found an abuse of discretion in a community estate division that awarded 56% of a $61,000 divisible community estate (only part of which was homestead equity) to the graduate engineer husband, who had a $23,500 salary and $12,500 in withdrawable retirement benefits, while awarding only 44% to the secretary-wife who had a $9,900 salary.

Appellant's points of error 1, 2, 3, and 6 are overruled.

■ By his fourth point of error, appellant contends that the trial court erred in rendering judgment that his wife have the exclusive use of the homestead until her death because such a disposition is not supported by the pleadings. We disagree. Appellee's original pleadings, which were never amended, requested that the trial court, in dividing the community property,

award her the parties' house or, alternatively, award her the house for her use and benefit and that of the youngest child until he reached the age of eighteen. Appellee testified at trial, without objection, that she needed to retain the home so that she and the child would have a place to live.

*Ex parte Fleming*, 532 S.W.2d 122 (Tex. Civ.App.—Dallas 1975, no writ), cited by appellant, is distinguishable from our case. In *Fleming*, the court found that there was *no claim* by either party in their pleadings upon which the trial court could have based its judgment. In our case, appellee's original petition requested that the house be awarded to her or, alternatively, that it be set aside for her use and benefit until the youngest child reached eighteen years of age. In addition, she requested in her testimony that the court award her the homestead for her own use and the use of the four children living at home.

■ The appellant had notice of the nature of the relief being sought by the appellee with respect to the community homestead in her petition for divorce. Tex.R. Civ.P. 47(a). Further, with respect to pleadings under sec. 3.63 of the Texas Family Code, the trial court has authority to construe the pleadings more liberally than in other civil cases. *Buchan v. Buchan*, 592 S.W.2d 367, 372 (Tex.Civ.App.—Tyler 1979, writ dism'd w.o.j.); *Poulter v. Poulter*, 565 S.W.2d 107, 110–11 (Tex.Civ.App.—Tyler 1978, no writ); *Zaruba v. Zaruba*, 498 S.W.2d 695, 698 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd w.o.j.). Appellant's fourth point of error is overruled.

■ Appellant's fifth point of error contends that the trial court erred in the division of the community property by not taking into account the disposition of his worker's compensation award.

Appellant alleges that although he should have been the beneficiary of 50% of his worker's compensation award, he realized only 10% of the award, with the remainder being spent by the appellee. He argues that because a portion of the compensation settlement is separate property,

the court's division of the community home should have reflected this inadequate disposition. This contention is not supported by the record.

The record before us reflects that appellant received a $13,000 worker's compensation settlement three years before trial; that on the advice of his attorney, he placed the money in an account in the name of appellee and their daughter, Dorothy; that the money was used to make house note payments, buy groceries, and pay community debts; and, that Dorothy Patt made withdrawals from the account for her father on several occasions.

Tex.Family Code Ann. sec. 5.01(a)(3) (Vernon 1975) provides that "[a] spouse's separate property consists of ... the recovery for personal injuries sustained by the spouse during marriage, *except any recovery for loss of earning capacity during marriage*" (Emphasis added). *Graham v. Franco*, 488 S.W.2d 390, 396–97 (Tex.1972). Section 5.02 of the Family Code provides that "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property." To rebut this presumption, the person seeking to prove the separate character of any property must do so by "satisfactory evidence." *Tarver v. Tarver*, 394 S.W.2d 780, 783 (Tex.1965).

■ Further, Tex.Family Code Ann. sec. 4.02 (Vernon Supp.1984) provides that both husband and wife are obligated to furnish support for community living. If no community funds are available, separate funds must be utilized, and when spent for community living these separate funds are deemed a gift to the community for its well-being and use. *Norris v. Vaughan*, 152 Tex. 491, 260 S.W.2d 676, 683 (1953).

It is undisputed that appellant's worker's compensation settlement was received while he was married to the appellee. Nothing in the record shows how much of appellant's settlement was for accrued compensation payments, or for future lost earning capacity, or for personal injuries. The appellant did not meet his burden to

show that any of the settlement was his separate property.

Appellant was not entitled to reimbursement in the form of a greater part of the community estate for that portion of his worker's compensation settlement he alleges he did not actually receive. The evidence in the record showed that the funds from the settlement were used for the benefit of the community estate. Appellant's fifth point of error is overruled.

The judgment is affirmed.