Opinion issued October 6, 2005
 



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00825-CV




KAREN MARIE ASHLEY, Appellant

V.

NORMAN GENE ASHLEY, Appellee




On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Cause No. 00FD0105


MEMORANDUM OPINION
          This is an appeal from a final divorce decree entered on July 6, 2004, after a
bench trial. Appellant, Karen Marie Ashley (“Karen”), filed a petition for divorce,
and appellee, Norman Gene Ashley (“Norman”), filed a counter-petition. We
determine whether there was legally and factually sufficient evidence to support the
trial court’s finding of fact and conclusion of law regarding the valuation of certain
community property and whether the trial court’s division of community property was
an abuse of discretion. We affirm the judgment of the trial court. 
Facts
          During the marriage, Karen started the businesses Texas United Auto Services
& Detail and Texas United Auto Sales as one company. However, at the time of
divorce, they were separate entities: Texas United Auto Services & Detail was a sole
proprietorship, and Texas United Auto Sales was a corporation. Karen testified that
she conducted all of her business under the name Texas United Auto Sales (“Texas
United”).


 Karen owned all of the 100 shares in Texas United. Although her
business associate, Ray Springfield (“Springfield”), invested approximately $230,000
in Texas United, he owned no shares in the corporation.   
          On July 6, 2004, the trial court granted the divorce based on the ground of
insupportability and awarded Texas United to Karen as part of the property division. 
The trial court entered a final divorce decree that did not include the specific values
of the various assets awarded to each party. Karen requested findings of fact and
conclusions of law. The trial court issued findings of fact and conclusions of law,
which contained a detailed list of the marital property division and valuations. The
trial court made a finding of fact that the “businesses”


 were worth $75,000, giving
Karen approximately a 50% interest in the divided marital estate.


 The trial court
made a conclusion of law that the division of the marital property was just and right.


 
          Karen filed a motion for new trial on July 15, 2004, asserting that the trial court
had “erred in the characterization of each party’s assets, liabilities, claims, and offsets
on which disputed or no evidence was presented.” The trial court denied her motion
for new trial on July 27, 2004. In three points of error, Karen challenges the legal and 
 
factual sufficiency of the evidence supporting the trial court’s valuation of Texas
United and the resulting division of property.
Valuation
          In point of error one, Karen argues that “the trial court’s valulation of the
community interest in Texas United (Finding of Fact No. 5) was an abuse of
discretion.” We construe this as a challenge that there was no evidence or insufficient
evidence to support the trial court’s finding of fact number five, valuing Texas United
at $75,000.


 
A.      Standard of Review
           In reviewing legal-insufficiency points, the reviewing court considers only the
evidence and inferences, when viewed in their most favorable light, that tend to
support the finding and disregards all evidence and inferences to the contrary. Davis
v. City of San Antonio, 752 S.W.2d 518, 522 (Tex. 1988). If there is more than a
scintilla of evidence to support the finding, the no-evidence challenge fails. Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).
 
          In reviewing a factual-sufficiency-of-the-evidence challenge, the court of
appeals must consider, weigh, and examine all of the evidence both that supports and
that is contrary to the finding. Vannerson v. Vannerson, 857 S.W.2d 659, 666 (Tex.
App.—Houston [1st Dist] 1993, writ denied). After considering and weighing all of
the evidence, we will set aside the verdict only if the evidence is so weak or the
finding is so against the great weight and preponderance of the evidence that it is
clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986);
Otis Elevator Co. v. Joseph, 749 S.W.2d 920, 923 (Tex. App.—Houston [1st Dist.]
1988, no writ). As an appellate court, we cannot substitute our opinion for that of the
trier of fact in order to reach a different conclusion. Glockzin v. Rhea, 760 S.W.2d
665, 666 (Tex. App.—Houston [1st Dist.] 1988, writ denied). 
          Findings of fact in a case tried to the court have the same force and dignity as
a jury’s verdict upon jury questions. City of Clute v. City of Lake Jackson, 559
S.W.2d 391, 395 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref’d n.r.e.). The
trial court’s findings are not conclusive, however, when a complete reporter’s record
appears in the appellate record. Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42,
44 (Tex. App.—Houston [14th Dist.] 1985), writ ref’d n.r.e., 699 S.W.2d 199 (Tex.
1985). The court’s findings of fact are reviewable for legal and factual sufficiency 
of the evidence to support them, by the same standards that are applied in reviewing
the legal or factual sufficiency of the evidence that supports jury findings. 
Vannerson, 857 S.W.2d at 667. 
B.      Analysis
          Karen argues that the only evidence introduced at trial regarding Texas
United’s value was her testimony that it was worth $0 because the shares had no
value and the business had no assets. Karen, therefore, concludes that there was no
evidence or insufficient evidence to support the trial court’s valuation at greater than
$0. Karen further argues that, even if the trial court could have valued Texas United
at $75,000, the court did not take into account that the community estate had only a
50% interest in the business because Springfield owned half the shares. 
          In a non-jury case, such as this, the trial court is the judge of the credibility of
the witnesses and the weight to be given to their testimony. See Houston R.E. Income
Prop. XV, Ltd. v. Waller County Appraisal Dist., 123 S.W.3d 859, 864 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). Karen contends that the value of Texas
United was $0 because she presented evidence that Texas United had no inventory
and was making a negative $148,000 profit on the books. However, she also testified
that the books had not been reconciled at the time of trial.
          In placing a value of $75,000 on the business, the court could have considered
evidence introduced by Norman that Texas United had a certificate-of-deposit
account with a $50,000 balance at the time of trial. In addition, although the
company’s checking account’s deposit balance averaged only $4,039.52 per month
at the time of trial,


 Karen testified that the business was currently drawing in at least
$12,600 of revenue per month from notes, not including revenue that could be made
from repairing and detailing the vehicles.


 
          In addition to the above evidence, Karen testified that she had reported to the
Small Business Administration, the year prior to trial, that the business was making
a $46,022 net profit per month and a $37,409 year-to-date net profit at the inception
of the business. The February 2003 balance sheet for Texas United reflected
$272,655 in total assets and $150,000 in inventory, although Karen testified that the
business did not have any assets or inventory at the time of trial.
          As the fact finder, the trial court had the liberty of blending all of the evidence
and to fix a value within the range of testimony. See Smith v. Smith, 836 S.W.2d 688,
696 (Tex. App.—Houston [1st Dist.] 1992, no writ). We must defer to the trial court
in valuing property despite conflicting evidence in the record. See Houston R.E.
Income Prop. XV, Ltd., 123 S.W.3d at 864. As long as some evidence exists to
support the trial court’s valuation of the business, sufficient evidence will support the
finding of value. See id. Even if the couple’s business was overvalued by the court,
this would not, in and of itself, constitute no or insufficient evidence to support the
finding. See Morgan v. Morgan, 657 S.W.2d 484, 490 (Tex. App.—Houston [1st
Dist.] 1983, writ dism’d).
          Karen next argues that the trial court did not take into account that the
community estate only had a 50% interest in the business because Springfield, who
deposited approximately $230,000 in the corporation, allegedly owned half of Texas
United. Although Karen and Springfield signed a letter of understanding prior to the
formation of the company, stating that they would share the stock equally, Springfield
testified that he did not actually own any shares in the Texas United. Evidence was
presented that Karen owned all 100 shares of Texas United shares at the time of trial.



          
 
          We hold that the evidence was both legally and factually sufficient to support
the trial court’s finding of fact that Texas United was worth $75,000. 
          Accordingly, we overrule Karen’s point of error one.
Division of Marital Estate
          In points of error two and three, Karen argues that “the trial court abused its
discretion in considering a value of Seventy-Five Thousand and No/100 Dollars
($75,000) for Texas United in dividing the community estate” and “the trial court’s
division of the community estate was so unjust that the trial court abused its
discretion.” We construe Karen’s points of error to challenge the trial court’s
conclusion of law number three, in which the court concluded that the division of the
martial property was just and right. 
A.      Standard of Review and the Law
          Although a trial court’s conclusions of law may not be challenged for factual
sufficiency, the trial court’s legal conclusions drawn from the facts may be reviewed
to determine their correctness. Mercer v. Bludworth, 715 S.W.2d 693, 697 (Tex.
App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.).
          In a divorce decree, the court must order a division of the community estate in
a manner that the court deems just and right, having due regard for the rights of each
party. Tex. Fam. Code Ann. § 7.001 (Vernon 2004); Rafferty v. Finstad, 903 S.W.2d
374, 376 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Section 7.001 of the
Family Code vests the trial court with broad discretion to effect a just and right
division that will not be reversed on appeal unless the complaining party shows that
the trial court clearly abused that discretion. Murff v. Murff, 615 S.W.2d 696, 698
(Tex. 1981); Rafferty, 903 S.W.2d at 377. The test for whether the trial court abused
its discretion is whether the court acted arbitrarily or unreasonably and without
reference to any guiding principles. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985); Rafferty, 903 S.W.2d at 376. 
          A trial court may order an unequal division of the community property when
a reasonable basis exists for granting that relief. Robles v. Robles, 965 S.W.2d 605,
621 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). The division of property
must not be so disproportionate as to be inequitable, and the circumstances must
justify awarding more than one-half of the community estate to one party. Patt v.
Patt, 689 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1985, no writ). Relevant
factors in the division of the marital estate include (1) the education of the parties, (2)
their relative earning capacities, (3) the size of their separate estates, and (4) the
nature of the community property. Murff, 615 S.W.2d at 699; Alsenz v. Alsenz, 101
S.W.3d 648, 655 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). 
 
 
B.      Analysis
          Karen argues that, because Texas United was allegedly worth $0, when all of
her assets were added together they amounted to only 23% of the marital estate,


 as
opposed to a more equitable 50%. She contends, therefore, that the property division
was unfair.
          The trial court divided the estate based on its finding of fact that Texas United
was worth $75,000; when Texas United is valued at this amount, Karen received
approximately 50% of the marital estate. It was Karen’s burden to show not only that
an inequality in the division of the community was manifestly unjust because of the
valuation, but also that such inequality was of such substantial portions that it
constituted an abuse of the trial court’s discretion. See King v. King, 661 S.W.2d 252
(Tex. App.—Houston [1st Dist.] 1983, no writ). We have already held that legally
and factually sufficient evidence supported the trial court’s finding of fact on the
value of Texas United. Accordingly, we hold that the trial court did not abuse its
discretion in dividing the community property as it did.
          We overrule Karen’s points of error two and three. Conclusion
 We affirm the judgment of the trial court. 
 
                                                              
                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Keyes, and Hanks.